W. B. WITHERS, Ex'r, v. G. W. STINSON.

*Discharge in Bankruptcy—Prior Judgment.*

1. A discharge in bankruptcy is a final discharge from all preceding debts, then provable.

2. Where the plaintiff recovered judgment (which was duly docketed) against defendant in 1871 upon a debt contracted before 1860 and execution thereon was returned unsatisfied, the defendant's real estate being assigned to him as a homestead; and thereafter the defendant obtained a discharge in bankruptcy, his homestead having been also assigned by his assignee, the plaintiff not proving his judgment debt against the defendant's estate in bankruptcy; *It was held,* that the bankruptcy of defendant discharged the judgment, and that it was error in the Court below to grant the plaintiff leave to re-issue execution.

(*Blum* v. *Ellis,* 73 N. C. 293, cited and approved.)

MOTION for leave to issue execution under C. C. P., § 256, heard on appeal at Spring Term, 1878, of MECKLENBURG Superior Court, before *Cox, J.*

The case agreed states: That the plaintiff recovered a judgment against defendant Stinson, in Mecklenburg Superior Court, on the 24th of July, 1871, upon a debt contracted

before 1860, which judgment was duly docketed. Execution was issued (the homestead of defendant being assigned) and returned *nulla bona* to Spring Term, 1872; and in August following, the defendant filed his petition in bankruptcy and obtained his discharge, (which is set up as a defence). The defendant is still the owner and in possession of the property assigned as aforesaid. The real estate was also assigned to him as a homestead by his assignee in bankruptcy, the allotment confirmed, and the reversionary interest therein conveyed to him by the assignee. The plaintiff had not proved the said judgment in bankruptcy against the defendant's estate. Upon these facts, the motion was refused by the clerk, and on appeal His Honor reversed the judgment and gave an order for execution to issue, from which the defendant appealed to this Court.

*Messrs. Jones & Johnston,* and *Dowd & Walker,* for plaintiff.
*Messrs. Shipp & Bailey,* for defendant.

BYNUM, J. It was admitted by the counsel for the plaintiff that the case of *Blum* v. *Ellis,* 73 N. C., 293, was a decisive authority against him, but he seeks in a well prepared and considered argument to induce the Court to reconsider and reverse that decision. *Blum* v. *Ellis,* was a well considered case upon a review of the conflicting decisions of other Courts up to that time. The importance of adhering to decisions once solemnly made, and thus preserving a uniformity in the law, can not be over estimated; and nothing less than a clear conviction that the decisions are erroneous and ought to be overruled, will justify a departure from them. Such a conviction has not been produced upon our minds by the able argument and the authorities of the plaintiff's counsel. Nor can the Court, other things being equal, lose sight of a train of evils which must follow

a reversal of that decision,—evils which could not well be foreseen by debtors or creditors, who alike supposed, and had the right to suppose, that a discharge in the Court of Bankruptcy was a final discharge from all preceding debts, then provable. There is error. Judgment reversed and proceedings dismissed.

Error.                              Judgment reversed.