CLARA A. DIXON v. JOSEPH DIXON and others.

*Judgment Lien—Lis Pendens—Bankruptcy.*

1. A docketed judgment constitutes no lien upon real property purchased and paid for by the debtor, where title is taken in the name of some third person.

2. In such case the creditor has a right to follow the fund in equity, but the institution of a suit for that purpose confers no lien, and can have no further effect than to give the creditor first bringing his suit a priority over other creditors, and to disable the holder of the property from defeating, by a conveyance, the object of the proceedings.

3. An adjudication of bankruptcy and the attendant assignment of the bankrupt's effects vest all the debtor's property in the assignee; and creditors, whether secured by lien or not, must pursue the debtor in the bankrupt court for the final adjustment and satisfaction of their claims.

(*McKeithan* v. *Walker*, 66 N. C., 95; *Hoppock* v. *Shober*, 69 N. C., 153; *Wall* v. *Fairley*, 77 N. C., 105; *Page* v. *Goodman*, 8 Ire. Eq., 16; *McKay* v. *Williams*, 1 Dev. & Bat. Eq., 398; *Brown* v. *Long*, 1 Ire. Eq., 190; *Tate* v. *Morehead*, 65 N. C., 681; *Blum* v. *Ellis*, 73 N. C., 293; *Withers* v. *Stinson*, 79 N. C., 341, cited, commented on and approved.)

CIVIL ACTION, tried at Spring Term, 1879, of GREENE Superior Court, before *Seymour, J.*

On the 16th of October, 1871, the plaintiff obtained judgment upon a note against the defendant, Joseph Dixon, and execution issued and was returned *nulla bona.* Soon thereafter the defendant bought and paid for the tract of land described in the complaint with his own funds, and caused

title to be made to the defendant John D. Grimsley; which conveyance was alleged by plaintiff to be in fraud of her debt and other creditors of Joseph Dixon; but this allegation was denied in the answer.

On the 19th of November, 1873, the defendant, Grimsley, conveyed said land to the other defendant, Augusta B. Dixon the wife of Joseph Dixon, she having notice of the pendency of this action at the time of said conveyance, and being subsequently made a party defendant.

On the 23rd of November, 1874, the defendant, Joseph Dixon, on his own petition was adjudicated a bankrupt, and on the 25th of May, 1875, obtained a final discharge and plead his certificate of the same in this action, which was commenced in 1872 by the plaintiff for the purpose of subjecting said land to the payment of her debt.

The jury found the issues in favor of the plaintiff who moved for judgment that the land be sold, &c., but asked for no judgment against Joseph Dixon. His Honor on the question of law reserved, disallowed the motion on the ground that the adjudication and discharge in bankruptcy of said Joseph Dixon ousted the jurisdiction of the court in this matter. It was agreed that Dixon's assignee in bankruptcy has not become a party to the action, nor filed any answer therein, and that no order has been made in the bankrupt court to stay proceedings in the court below. The plaintiff appealed from the judgment.

*Messrs. Faircloth & Simmons*, for plaintiff.

*Messrs. W. T. Dórtch & Son*, for defendants:

A discharge in bankruptcy is a final discharge of the debt. *Blum* v. *Ellis*, 73 N. C., 293; *Withers* v. *Stinson*, 79 N. C., 341; *Dawson* v. *Hartsfield, Ibid.*, 334. Plaintiff did not have a lien. *Wall* v. *Fairley*, 77 N. C., 105; *Hoskins* v. *Wall, Ibid.*, 249.

DILLARD, J. The plaintiff recovered judgment against the

defendant Joseph Dixon in 1871, and sued out execution which was returned *nulla bona.*

After the rendition of the judgment Joseph Dixon purchased and paid for the tract of land in the pleadings mentioned, out of his own funds, and procured his vendor to execute title to John D. Grimsley, who in 1873 conveyed the same to A. B. Dixon, the wife of Joseph Dixon.

The plaintiff's execution being returned *nulla bona* as aforesaid, she instituted her action to fall term, 1872, of Greene superior court against Joseph Dixon and John D. Grimsley to follow the money of the judgment debtor into the said tract of land upon the allegation, that the same was paid for out of the debtor's proper funds, and that the title was executed to Grimsley on a secret trust for him or for some member of his family in fraud of his creditors. The action by leave of the court was afterwards amended so as to bring before the court A. B. Dixon, the wife of the said Joseph Dixon, and the case being thus constituted in court, all three of the defendants filed answers denying the allegations of fraud, and alleging a title *bona fide* obtained and on valuable consideration.

In 1874 Joseph Dixon went into bankruptcy, and was discharged from the plaintiff's debt and all others provable under the bankrupt act by decree of the district court of the United States on the 25th of May, 1875, and he pleaded his certificate of discharge in this cause.

The assignee in bankruptcy of Joseph Dixon never became a party to this cause, nor was any order made in the bankrupt court to stay proceedings in the state court. At the trial at spring term, 1879, the jury found all issues in favor of the plaintiff as to the alleged fraudulent purchase and conveyance of the land, and thereupon, on motion for judgment by plaintiff, His Honor, on the question reserved, declined the plaintiff's prayer for judgment and adjudged that the defendants recover their costs, on the ground that

the adjudication and discharge in bankruptcy ousted the jurisdiction of the superior court in the matter, and from this judgment the appeal is taken.

1. If the plaintiff had no lien on the land by force of the effect given by C. C. P., 254, to a docketed judgment, nor by the institution of this action, then without controversy the subsequent adjudication of Joseph Dixon a bankrupt and the attendant assignment of his property, by operation of the bankrupt act, vested the land in suit in the assignee, even though the same may have been fraudulently conveyed as alleged to Grimsley on a secret trust, and then afterwards conveyed by Grimsley to A. B. Dixon, the wife of the debtor. Bankrupt Act, § 14, and Bump, 119.

The assignee in such case would owe the duty to avail of the property, and administer the same in the interests of the general creditors, subject however to any priority or equities which others might have in the same; and the discharge granted, of which it is admitted a certificate was issued and pleaded in the cause, operated to discharge the plaintiff's judgment and all remedies thereon, either affecting the person or property of the debtor.

2. But did the plaintiff's judgment have any lien on the land bought by the bankrupt and procured to be conveyed to Grimsley and afterwards by Grimsley to his wife?

A docketed judgment by C. C. P., § 254, is a lien on all the *real property* of the debtor in the county or counties in which it is docketed; and by the decision of this court, the words "real property" embrace legal and equitable estates. *McKeithan* v. *Walker*, 66 N. C., 95; *Hoppock* v. *Shober*, 69 N. C., 153. But those words, of however broad signification, do not cover land in which the debtor never had any estate or right, and as to which the creditors have only the right to follow a personal fund which has been converted into land, and the title taken to some member of his family or other in fraud of creditors. *Wall* v. *Fairley*, 77 N. C., 105. Land

bought as this was and paid for by a debtor and the title procured to be executed to Grimsley and by him afterwards to the wife of the debtor in fraud of creditors, is in no proper sense the land of the debtor. He has no legal title to it and never had, and the conveyance being made *mala fide* and dishonestly, he can have no trust declared by a court of equity in his favor, and therefore it was not his *real property* and the lien of plaintiff's docketed judgment did not extend to or affect it. *Page* v. *Goodman*, 8 Ire. Eq., 16, and *Wall* v. *Fairly, supra*.

3. But did the institution of this action to follow the funds of the debtor, begun before the bankruptcy of the debtor, give the plaintiff a lien so as to authorize her since the discharge of the debtor to proceed to judgment and have the land sold and her money paid out of its proceeds by decree of a state court?

Formerly courts of equity took jurisdiction at the instance of a judgment creditor in the course of the collection of his debt in two cases; first, when the execution sued was a lien on the property sought to be subjected, but there was some impediment or hindrance in the way of any sale at all, or a sale under eligible circumstances, and then the jurisdiction was exercised as auxiliary to the effective execution of legal process; in the other case the jurisdiction was original and granted relief on the ground that the debtor had property or effects which ought to be applied to the creditor's debt, which could not be so applied by levy and sale under execution and when otherwise the creditor would be remediless. *McKay* v. *Williams*, 1 Dev. & Bat. Eq., 398; *Brown* v. *Long*, 1 Ire. Eq., 190.

In the first instance above of interposition by courts of equity it will be observed that the property sought to be subjected was liable to levy and sale by execution at law, and therefore the creditor going into that tribunal for aid in the execution of his process, had a lien by virtue of his

execution extending to the day of judgment rendered; but in the case of a suit to reach the funds of a debtor, not capable of being applied under an execution, as in this action to reach the money of the judgment debtor vested in the land conveyed to the wife, there is no lien by the judgment or execution, and the jurisdiction arises because there is no lien, and the action when instituted, at the most, is looked on as one to follow the funds of the debtor, and its effect is to constitute a *lis pendens* as to the property in which the funds are vested, and thereby to disable the debtor or other person holding the property, as in equity causes generally, to convey, except subject to the results of the action, and to give the creditor first bringing his suit a priority over any other creditor.

It is usual we know in speaking of a suit to follow funds of the debtor, not liable to levy and sale at law, to speak of the suit as operating a lien in favor of the creditor, but the jurisdiction is assumed and exercised, as we have said, not on the ground of any lien the creditor has, but simply as enabling him to reach a part of his debtor's effects, which could not otherwise be come at, and in the course of the suit, there is no lien, but only a resemblance to a lien, in that, the debtor and other person holding property in which the funds are vested by the *lis pendens* are disabled to convey except subject to the suit, in order to prevent evasion and frustration of the decrees of the court; and in that, the creditor first suing is allowed to have a priority in the fund, if realized, as an incident to diligence, and as fixing t e order of application between him and others who might separately seek the same fund. *Edgill* v. *Haywood,* 3 Atkins, 357; *McKay* v. *Williams, supra.*

Suppose pending plaintiff's suit Joseph Dixon, whose money in the land is sought, had died instead of going into bankruptcy, would not his administrator have been entitled to have and apply the fund in a due course of administra-

tion according to the priorities prescribed by statute? It was decided in the case of *Tate* v. *Morehead*, 65 N. C., 681, that the lien acquired by a creditor or service of garnishment on a debtor to the defendant in the action, was lost on the death of the garnishee before answer and judgment; and equally so, it would be, that the lien on goods attached would abate and fail if the debtor sued, died before appearance; and so we think if Dixon had died the plaintiff's suit must have fallen.

4. When the debtor went into bankruptcy, what was the effect on the plaintiff's suit? The effect was to stay proceedings until the question of discharge was settled; and in the meantime, the adjudication and assignment to the assignee in legal effect vested in the assignee the entire estate of the bankrupt, including the right to follow the funds in the land conveyed to the wife for administration under the law for the general creditors, subject of course to any liens existing in favor of others against the bankrupt. On discharge granted and plea of the certificate in the cause, as was done, the debt of plaintiff was discharged; and incidentally, all remedies for its collection, including the *lis pendens*, fell with the discharge. And so we think the plaintiff was not entitled after discharge of the debtor to pursue further in a state court the funds of the debtor vested in the lands conveyed to his wife.

If we be in error in this, still in the case of *Blum* v. *Ellis*, 73 N. C., 293, it is decided, that all the property of a bankrupt including that subject to liens passes to the assignee and is *in custodia legis* subject to such liens; and that a creditor must go into the bankrupt court and have his lien adjudged and enforced in that court; or otherwise, he is at risk of losing his security and having his debt barred. And in *Withers* v. *Stinson*, 79 N. C., 341, the principle decided in *Blum* v. *Ellis*, after careful review, is affirmed and the lien of Wither's judgment on the lands of the bankrupt is held dis-

charged by the proceedings in bankruptcy. · After these two decisions of this court, whatever might be our views of the question if it were now for the first time presented, we would hold ourselves bound under their authority to hold that plaintiff was not entitled to the decree she asks, besides the other grounds of having no lien, already discussed. There is no error. Judgment of the court below affirmed.

No error.                                    Affirmed.