B. F. SUMROW v. W. J. BLACK and wife.

*Bankruptcy.*

All the property of a bankrupt, including that which is subject to mortgages or liens, passes to the assignee; and the bankrupt court is the proper tribunal to administer the remedies for the enforcement of liens.

(*Blum* v. *Ellis*, 73 N. C., 293; *Withers* v. *Stinson*, 79 N. C., 341; *Dixon* v. *Dixon*, 81 N. C., 323; *Knabe* v. *Hayes*, 71 N. C., 109, cited and approved.)

MOTION to dissolve an injunction heard at Fall Term, 1882, of MECKLENBURG Superior Court, before *Graves, J.*

An order had been made restraining an execution issued from the superior court upon a judgment rendered at spring term, 1877, in favor of the plaintiff against the defendants, and this motion was made by the plaintiff to dissolve the same.

His Honor found these facts: That on the ...... day of ........., 1877, the plaintiff issued a summons against defendants returnable to spring term, 1877, which was executed on the male defendant, but was not served on his wife, M. A. Black, the feme defendant; but endorsed thereon was the entry in the husband's handwriting, "service accepted, M. A. Black by W. J. Black, agent." The defendant had no authority to accept service for her, nor did she ever ratify his act in that behalf.

That plaintiff filed his complaint at said spring term; no appearance was entered for either of the defendants, and judgment was rendered for want of an answer, and the feme defendant did not know the judgment had been rendered until a few days before this motion was made.

That on the 29th of August, 1878, the male defendant filed his voluntary petition in bankruptcy and was adjudged a bankrupt, and on the ...... day of ........, 1879, received his discharge from all debts and liabilities existing against him prior to said 29th of August.

That the debt due plaintiff being for money borrowed by the defendant, upon which this action was brought, was contracted prior to the 29th of August, and was never proved in bankruptcy, and that plaintiff caused an execution to be issued on his said judgment, returnable to spring term, 1882, of said court.

Upon these facts, and after argument of counsel, His Honor ordered that said judgment and execution be vacated as to the feme defendant, for want of service of process; that plaintiff be perpetually enjoined from levying any execution that may be issued on the judgment against the de-

fendant, upon any property of his which was not subject to. the lien of said judgment on said 29th of August, 1878; and from proceeding in any way under the same; and as to all his property upon which, on the 29th of August, 1878, the said judgment was a lien, the motion of defendant is refused; and to this extent the injunction heretofore granted is dissolved, and the plaintiff may proceed to enforce said judgment as he may be advised, and as herein directed.

The male defendant excepted to so much of the above order as dissolved the injunction and refused to restrain the plaintiff from proceeding under the judgment against any and all his property, and appealed.

*Messrs. Reade, Busbee & Busbee,* for plaintiff.
*Messrs. Burwell & Walker,* for defendants.

ASHE, J. The exception of the defendant, W. J. Black, was well taken. The judgment of the plaintiff against Black and his wife was rendered in 1877. On the 29th of August, 1878, he filed his petition in bankruptcy, and on the ..... day of ........., 1879, was adjudicated a bankrupt and received his discharge from all debts and liabilities existing against him prior to the date of filing his petition, to wit, the 29th of August, 1878.

The plaintiff contends that his judgment having been rendered and docketed before the 29th of August, 1878, created a lien upon the land of the defendant which was not discharged by the adjudication in bankruptcy, and that he had the right to enforce the lien by an execution. This, it has been decided, he has no right to do.

In *Blum* v. *Ellis,* 73 N. C., 293, followed with approval by *Withers* v. *Stinson,* 79 N. C., 341, and *Dixon* v. *Dixon,* 81 N. C., 323, it was held that all the property of the bankrupt, as well as that which is subject to mortgages and liens, as that which is unencumbered, passes to the assignee, and is *in custodia*

*legis*, to be administered by the assignee subject to liens and priorities, and all claims against the estate of a bankrupt, however evidenced or secured, are required to be proved; and the bankrupt court is the proper tribunal to administer the remedies for the enforcement of liens.

The effect of the adjudication of the defendant's bankruptcy was to give him a final discharge from all previous debts then provable; and this is so, notwithstanding the plaintiff's name was omitted to be inserted in the sworn list of creditors, and by reason of the omission the plaintiff had no notice of the proceedings in bankruptcy, and could neither prove his claim against the defendant, nor oppose the granting of the discharge. *Knabe* v. *Hages*, 71 N. C., 109.

We therefore hold, that the refusal of the court below to dissolve the injunction as to the property owned by the defendant upon which the plaintiff's judgment had a lien on the 29th of August, 1878, was erroneous, and the judgment in the matter of the injunction must be so modified as to perpetually enjoin the plaintiff from issuing any execution upon his judgment against the defendant, W. J. Black, and his wife, M. A. Black.

Error.                                         Reversed.