R. C. WINDLEY, Adm'r, v. MARTHA TANKARD and others.

*Bankruptcy—Homestead.*

1. The decision in *Blum* v. *Ellis*, 73 N. C., 293, approved in subsequent cases, to the effect that creditors of a bankrupt must enforce their liens in the bankrupt court, is the settled law of this state.

2. The extent in value and duration of a homestead allotment, made in the bankrupt court, is the same as prescribed by the law of the state.

(*Blum* v. *Ellis*, 73 N. C., 293; *Withers* v. *Stinson*, 79 N. C., 341; *Dixon* v. *Dixon*, 81 N. C., 323; *Lamb* v. *Chamness*, 84 N. C., 379; *Hinsdale* v. *Williams*, 75 N. C., 430, cited and approved).

SPECIAL PROCEEDING commenced in the probate court, and heard at Fall Term, 1882, of BEAUFORT Superior Court, before *Gilliam, J.*

Judgment for defendants; appeal by plaintiff.

*Mr. Geo. H. Brown, Jr.*, for plaintiff.
*Mr. C. F. Warren*, for defendants.

SMITH, C. J. The plaintiff, administrator *de bonis non* of George R. Tankard, institutes this proceeding before the probate judge of Beaufort county against the defendants, his children and heirs-at-law, for an order to sell the tract of land, therin described, for assets to be used in payment of the intestate's debts.

The debts set out in an annexed exhibit were reduced to judgments before a justice of the peace, and docketed in the superior court, the first, on June 10th, 1871, and the second, on May 23d, 1873, and both belong to the plaintiff. One of the defendants is above, and the other two under the age of twenty-one years.

The intestate, under proper proceedings in the district court of the United States, was, on July 10th, 1873, adjudged a bankrupt, and dying some time thereafter, his widow and administratrix, herself since deceased, applied for, and on October 27th, 1874, obtained a decree discharging the intestate and his estate from all debts provable and existing prior to his being declared a bankrupt.

The land embraced in the petition was, on October 23d, 1873, set apart and assigned to the intestate as his homestead exemption, under the act of Congress, by the assignee, who, on the 5th day of February following, subject thereto, as we understand

the case, sold and by deed conveyed the same land to one D. M. Carter, and he thereafter conveyed his estate to the defendants.

These are the facts found by the court with the consent of parties, or admitted by them, and upon which His Honor gave judgment for the defendants, dismissing the action.

The argument on the part of appellant for reversal proceeds upon two grounds:

1. The judgments constituting liens upon the land before the filing of the petition in the bankrupt court, were not displaced by the decree of discharge, nor were the debts, to the extent of the value of the property to which the liens attach, extinguished thereby.

2. The homestead, being an exemption personal to the bankrupt, endured under the bankrupt act only for his life, and expired at his death.

I. The first proposition is in direct conflict with the decision in *Blum* v. *Ellis*, 73 N. C., 293, in which it is held, that all the property of the bankrupt, whether subject to judgment liens or not, passes to the assignee and is *in custodia legis,* and that the creditor must enforce his lien in the bankrupt court, or it will be lost, and his debt discharged. The principle thus declared was reconsidered and affirmed in *Withers* v. *Stinson*, 79 N. C., 341, and again in *Dixon* v. *Dixon,* 81 N. C., 323.

As was said by Justice DILLARD, in the latter case: "After these two decisions of this court, whatever might be our views of the question if it were now for the first time presented, we would hold ourselves bound under their authority"; and we may add that the law must now be regarded as settled until it shall be declared erroneous by the supreme court of the United States, and we cannot entertain an argument calling it in question. The highest considerations impel us to adhere to a series of decisions rendered upon careful deliberation, and not disturb titles based upon them, unless upon cogent and clear convictions of error and judicial duty, and to obviate irremediable mischiefs.

II. The amendments made to the bankrupt act, at the session
29

of 1872–'73 of Congress, provides, that the exemption, co-extensive with that allowed by the constitution and laws of each state, as existing in the year 1871, shall prevail "against debts contracted before the adoption and passage of such state constitution and laws, as well as those contracted after the same, and against liens by judgment or decree of any state court, any decision of any such court, rendered since the adoption and passage of such constitution and laws, to the contrary notwithstanding." Rev. Stat. of U. S., § 5,045.

This enactment which we have upheld in *Lamb* v. *Chamness*, 84 N. C., 379, gives efficacy to the homestead allotment, when made in the bankrupt court, to the same extent in value and duration, as prescribed by the law of the state, and effaces any interfering and attaching liens, created by judgment or decree, which interferes with its enjoyment.

As the exemption does not terminate until the youngest child of the debtor attains full age, and the plaintiff himself shows that two of the defendants are minor children of the intestate, the estate of the debtor, even subject to the homestead, cannot be sold by the administrator while the homestead remains (*Hinsdale* v. *Williams*, 75 N. C., 430), even if it was still in him. The defendants, however, have no estate by descent from their father, but their title has been acquired under the assignee's sale and deed to Carter and his conveyance to them, and the judgment lien, if in force, follows the transmission of the land, adhering to it in the hands of the owner. There is, consequently, no descended estate, vesting in the heirs, as such, which the administrator can sell; and the creditor is left to enforce his lien by a remedial proceeding against those in whom the title is vested, and perhaps such as is authorized by section 319 of C. C. P.

In any view of the case, the plaintiff must fail in his action.

There is no error, and the judgment dismissing the action must be affirmed.

No error.                                          Affirmed.