## In re PARAMORE & RICKS.

(District Court, E. D. North Carolina. August 27, 1907.)

BANKRUPTCY—EXEMPTIONS—DISPOSITION OF FUND.

Where the homestead exemption of a bankrupt has been allotted to him from the proceeds of land sold by the trustee, the court of bankruptcy, having no power to administer the fund, cannot order it paid over to a mortgagee, though the mortgage is valid as between the parties as an assignment of the homestead interest, and can only direct its payment to the bankrupt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 677.]

In Bankruptcy. On review of decision of referee.

Moore & Long, for bankrupts.

Skinner & Whedbee and F. G. James, for creditors.

T. J. Jarvis, for N. W. Campbell and the bankrupts.

PURNELL, District Judge. The question involved in the appeal from the referee is novel and perplexing. The referee finds as a fact that within four months of the adjudication the bankrupts executed a mortgage with which the creditors in bankruptcy really have no concern, except that there is in the hands of the court or its officer $2,000 which the court must get rid of, pay to the party entitled thereto. The creditors are not interested in the disposition of the fund, except, if the homestead had been regularly laid off or allotted in land, a small amount might have been realized from a sale of the reversionary interest. But this was not practical under the peculiar circumstances, and it is said that creditors have been benefited several thousand dollars by the sale of the land as made under the order of this court. It is the homestead of the bankrupts, the proceeds of the sale by the trustee of real estate, and under a fiction of the law remains real estate. This fiction cannot be sold. Within four months of the adjudication Paramore & Ricks executed a mortgage to N. W. Campbell, a copy of which is in the record, to secure the payment of $12,-000, dated November 7, 1906, which recites as a preamble:

"Whereas H. A. Paramore and J. A. Ricks are justly indebted to N. W. Campbell in the sum of twelve thousand dollars as evidenced by their twelve bonds, due and payable, three thousand dollars in sixty days from date," etc.

And this is all the evidence as to the debt to secure which the mortgage was given. This mortgage was put in evidence by counsel for the creditors. There were other mortgages executed prior to the Campbell mortgage, under which the land was sold, but no other liens, by judgment or otherwise, appear in the record. It may be Campbell knew of the insolvency of the firm, and it may from the instrument itself be inferred, from the preamble, the mortgage was given to secure a pre-existing debt, but as to whether Campbell knew of the insolvency of the firm or not, and the mortgage was given to hinder and delay creditors, all important in bankrupt proceedings, the court has no means of knowing. Counsel may know, the court does not; and, no questions of this nature being raised, the court will not interpret them ex mero motu.

Paramore & Ricks, the firm, was much involved, had executed several mortgages under which the property was sold, and $2,000 reserved as the bankrupt's homestead exemptions allowed by the Constitution and laws of the state. The bankrupts ask that this sum be paid to them, and Campbell insists he is entitled to it under his mortgage; $3,000 being now due. The court is anxious to get rid of this fund according to law, to do equity between the parties. It cannot wash its hands and thus get rid of the matter, but is charged with the administration of the estate, even as to exemptions. Before the referee a motion was made that this money be paid over to the bankrupts. "This motion is overruled, the referee holding that this money is real estate, to be administered as real estate under the laws of the state of North Carolina; that the reversion in the same should be sold by the trustee as if it was actually real estate; that the same should be paid to the clerk of the superior court of Pitt county, the domicile of both bankrupts, or elsewhere as may be ordered by the judge of the District Court, to await the determination of the homestead estate. From this ruling of the referee the bankrupts appealed to the judge of the District Court. Counsel for N. W. Campbell, holding the mortgage referred to, moved the court to order that the said sum of $2,000 be paid to the said N. W. Campbell as assignee of the bankrupts under said mortgage. This motion is overruled, the referee holding that said mortgage is void as to creditors, and the said Campbell can claim nothing under it in this court, for that the same was executed within four months prior to the filing of the petition in bankruptcy, and if the said mortgage is valid between the bankrupts and the said Campbell, the state court is the proper tribunal to determine this question." Possibly the conclusions reached by the referee are the wisest, and this court would be glad to refer this whole matter to the state court, where it properly belongs, but the court is not inadvertent to that line of decisions which hold the trustee is vested with no title to the exemptions. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. Touching exemptions, the bankrupt act of July 1, 1898 (30 Stat. 548, c. 541 [U. S. Comp. St. 1901, p. 3424]), adopts the state laws of the domicile of the bankrupt. Section 6. Richardson v. Woodard, 104 Fed. 873, 44 C. C. A. 235; Steele v. Buel, 104 Fed. 968, 44 C. C. A. 287. The homestead has been allotted. Campbell, mortgagee, claims it has been assigned to him. The bankrupts claim it should be paid to them.

Following the decisions of the state Supreme Court and applying the provisions of the act of Congress requiring the trustee to reduce the estate of the bankrupt to money, this court held in Re Woodard (D. C.) 2 Am. Bankr. Rep. 339, 95 Fed. 260, that the reversionary interest of the homestead must be sold. It was this decision the referee was seeking to comply with, and there is no reason to doubt the correctness of the conclusion rendered in Re Woodard, supra. But the Supreme Court of North Carolina has departed somewhat from the former decisions of that court touching the homestead estate, and hold the homesteader can sell and convey the homestead and purchase another. From this decision and others on the subject which this court follows as the law of the domicile, the debtor has an estate, not in

fee, but such an interest in land as must, as held in the Woodard Case, be sold under the bankruptcy act. The debtor is entitled to his homestead, which he can convey, the creditor is entitled to his debt, which debt according to the terms of the contract is due. To invest the amount as intimated by the referee would soon entangle this court with trusts for which no authority can be found. The assignment or conveyance in the mortgage of the homestead is conditional, but the condition has been violated (the debt not paid at maturity), default has been made and the power of sale become absolute, the sale has already been made, by order of court, after due consideration. To pay the fund over to the bankrupts would probably be to dissipate it. It would or could be spent and the creditor left with nothing. The mortgage is valid interparte, and is only made invalid under certain conditions as to creditors by the bankruptcy act. To do as near equity as possible, this court would be disposed to order the fund paid to Campbell as a credit on the debt secured thereby, but the Supreme Court of the United States has decided in Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, the court of bankruptcy cannot administer this fund but it belongs to, and, upon being set aside, rests in the bankrupts.

The following is the syllabus of the case referred to, and seems to settle the question involved.

"Under the bankruptcy act of 1898, the title to property of a bankrupt which is generally exempted by the law of the state in which the bankrupt resides remains in the bankrupt, and does not pass to the trustee, and the bankrupt court has no power to administer such property even if the bankrupt has, under a law of the state, waived his exemption in favor of certain of his creditors.

"The fact that the act confers upon the bankruptcy court authority to control exempt property in order to set it aside does not mean that the court can administer and distribute it as an asset of the estate. The two provisions of the statute must be construed together and both be given effect.

"The discharge of the bankrupt, however, can be withheld until a reasonable time has elapsed to enable creditors to assert in a state court their rights to subject exempt property in satisfaction of their claims under waivers given as security therefor by the bankrupt."

The fund therefore must be paid to the bankrupts as their homesteads. This court has no other jurisdiction or control thereof under the law as settled by the Supreme Court of the United States.