## In re BLANCHARD & HOWARD.

(District Court, E. D. North Carolina.    March 30, 1908.)

1. BANKRUPTCY—JURISDICTION OF COURT—EXEMPTIONS.

A court of bankruptcy is without jurisdiction to adjudge a bankrupt's exemption to a mortgagee, or to any one except the bankrupt.

[Ed. Note—Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

2. SAME—PARTNERSHIP—RECORD.

In proceedings in bankruptcy against a partnership, the individual schedules of the partners are not a part of the record, nor can they be considered as such.

In Bankruptcy.    On petition for rehearing.

For former opinion, see 161 Fed. 793.

McIntyre & Lawrence and J. G. McCormick, for mortgagee claimants.

PURNELL, District Judge.    On a petition for a rehearing it is stated:

"(1) The court states it does not appear that each of the partners consented to the allotment of a personal property exemption to the other partners.    The court was inadvertent to the fact that the petition, signed by both the partners, makes specific claim to such personal property exemption.

"(2) The court states it does not appear said bankrupts have not other property, outside the partnership assets, out of which said personal property exemptions could be allotted.    The court was inadvertent to the fact that attached to the partnership schedules are individual schedules, which show the bankrupts have no individual property whatsoever.

"(3) That bankrupts have waived their rights to the exemptions because they did not demand the allotment before the property was sold, followed by a restatement touching the mortgages and the correspondence with the referee, fully discussed in the original opinion.

"(4) The court misconceived the effect of the allotment, for that it would appear from the opinion that the bankrupts themselves would receive the benefit of the allotment of exemptions.    As a matter of fact the bankrupts will not receive a dollar of the allotment, for their right thereto has been transferred by mortgage to the parties who advanced them money with which to engage in business.    Wherefore petitioners pray that the court grant them a rehearing of that portion of the case and opinion."

The difficulty in this case has been that it was heard at the request of counsel without the record, and their "statement of facts" taken to be full and true.    The court has always been ready and willing to correct any error or apparent error into which it may be led or fall, and congratulates counsel on their course, much more creditable to themselves and respectful to the court, of calling attention to errors and giving the court credit for a disposition to do right, justice to all, and wrong to none, instead of indulging in the questionable practice of "cussing the court" when they lose out in a case.    Except being inadvertent to or not informed as to some of the facts, this court cannot now see that it has committed or been led into error.

In the fourth statement of counsel they persist in an erroneous conception of the law, as construed by the Supreme Court of the United States in Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup.

Ct. 751, 47 L. Ed. 1061, and followed by this court in Re Paramore & Ricks, 156 Fed. 211, that after allotment the court of bankruptcy has no further jurisdiction over exemptions to administer them. It is again held by this court that it has no jurisdiction to order a personal property exemption to any one except the bankrupt. It may be as well, therefore, for counsel to get rid of this supposed equity in the mortgagee claimants. Nearly everything now urged was considered when the original opinion was written, and, while it is true the court was inadvertent to some of the facts in allegations 1 and 2, the schedule referred to in 2 was improperly attached to the partnership schedules, had no place there any more than any other ex parte statement, and the matter therein stated could not properly be considered. This was a partnership proceeding. The statute and general orders of the Supreme Court are paramount in bankruptcy proceedings, and should be strictly adhered to. When they are not, attorneys and their clients must take the consequences. Not being a proper paper to be filed with the schedules, the court was not simply inadvertent to, but ignored, the paper, as it should have done. As a matter of equity the court would be inclined to order the personal property exemptions paid to the mortgagees, if the bankrupts were entitled thereto, but has no power to do so stricti juris; and not being entitled to such exemptions, as before decided, this court cannot go out of its way and violate the law to do equity, or what seems to be equity, in the premises. The decision was not based exclusively on the matters it is now said the court was "inadvertent to," but upon these matters in connection or combination with others. Even admitting all that is claimed in the petition, it cannot change the result.

The petition is overruled, and the former decision affirmed.