J. A. and T. MCAULEY v. W. W. MORRIS.

*Exemptions, Allotment and Exceptions thereto—Jurisdiction—Constable—Oaths.*

1. Exceptions to the allotment of a homestead or personal property exemptions, in all cases, must be filed in the office of the Clerk of the Superior Court of the county where the allotment is made, together with a transcript of the allotment or appraisement.

2. A constable to whom an execution from the court of a justice of the peace has been delivered may summon appraisers and administer to them the prescribed oaths.

3. The return of the appraisers of personal property exemptions should be made to the Clerk of the Superior Court, but an allotment is not vitiated by making it returnable to another place. The Court has power to direct the return shall be made to the proper office, and it should exercise that power instead of dismissing the proceedings for defect in the return.

This was a MOTION made by the execution debtor to set aside an allotment of personal property exemptions, heard before *Avery, J.,* at Spring Term, 1888, of MONTGOMERY Superior Court.

An execution issued from the Court of a Justice of the Peace to a *Constable,* in favor of the plaintiffs, and against the personal property of the defendant. When the Constable levied upon his personal property, the defendant demanded that his personal property exemptions should be appraised and laid off to him according to law, which was done. The defendant filed exceptions to the return of the appraisers, as allowed by the statute (*The Code,* § 519), and in the Superior Court, upon the trial of issues of fact raised on such exceptions, after the jury were empanelled and evidence heard, " the plaintiffs moved the Court to dismiss the proceedings, because the exceptions were not filed by the defendant in

101—24

the Court of the Justice of the Peace, and because this Court had not jurisdiction. The defendant moved the Court, upon the facts admitted, to declare .the allotment irregular, and for judgment, and for costs of action, against plaintiffs.

The motion of defendant was allowed. The motion .of plaintiffs was refused, and they excepted.

The Court gave judgment, whereof the following is a copy :

" This cause coming on to be heard, and the jury having been empanelled, and it appearing and being admitted by the parties in the argument that the appraisers were selected and sworn by a Constable, and that the judgment was never docketed in the Superior Court, and that the execution upon which the allotment was made was issued from the Court of a Justice of the Peace, and that the return of the appraisers was made to the Court of said Justice, and no return was made to the Clerk or Register of Deeds : It is now, on motion, adjudged and declared, that the said allotment is irregular ; and it is further considered and adjudged that the said allotment should be set aside as irregular, and that the defendant recover of the plaintiff the costs of this proceeding, to be taxed by the Clerk."

From this judgment the plaintiff appealed to this Court, assigning the following errors :

" 1. That his Honor erred in refusing to allow plaintiffs' motion to dismiss the proceeding and to tax defendant with the costs, upon the ground that this Court has no jurisdiction to try the appeal from the allotment as made by the assessors, and upon the further ground that the proceeding is not properly in this Court, even if it has a general jurisdiction to try appeals from allotments made under exemptions issued from the Justice's Court.

" 2. That his Honor erred in setting aside said allotment and taxing the plaintiffs with the costs.

" 3. That his Honor erred in failing or refusing to order a re-allotment."

*Messrs. Douglas, John Devereux, Jr.,* and *Theo. F. Davidson,* for the plaintiffs.

No counsel for the defendant.

MERRIMON, J., (after stating the case.) It is to be observed that the regulations prescribed in The Code of Civil Procedure as to laying off the personal property exemption of judgment debtors, apply in all cases, whether the judgment is in the Superior Court or in a Court of a Justice of the Peace, and whether the execution against property issue from the one Court or the other. No other such regulations are prescribed, and these are broad and comprehensive in their terms and scope, as will presently appear.

The first exception cannot be sustained. The statute (*The Code*, § 519,) prescribes how a judgment debtor may object to the valuation and allotment of his homestead and personal property exemption. It does not require that he shall file his objections in the Court of a Justice of the Peace if the judgment shall be in or the execution shall issue thereupon from that Court; it requires that he shall "file with the Clerk of the Superior Court of the county where the said allotment shall be made a transcript of the return of the appraisers or assessors (as the case may be), which they or the Sheriff shall allow to be made upon demand, together with his objections, in writing, to said return, and thereupon the Clerk shall put the same on the civil issue docket of said Superior Court for trial at the next term thereof as other civil actions, and such issue joined shall have precedence over all other issues at such term. And the Sheriff shall not sell the excess until after the determination of said action." It thus appears that the objection shall be filed with the Clerk of the Superior Court, and also that that Court shall have jurisdiction to hear and determine the matter of the objection so allowed to be made, whether the same comes from the judgment creditor or debtor. The proced-

ure in such case is summary, and the Court will direct it appropriately, as the circumstances may require.

The second exception must be sustained, because the judgment complained of is founded upon erroneous interpretation of the statutory provision applicable, as we shall see.

The execution levied upon the personal property of the defendant issued upon a judgment in the Court of a Justice of the Peace, and it was properly directed to a Constable, although it might have been directed to any lawful officer for such purpose. (*The Code*, § 841). The Constable had authority, by virtue of the execution, to levy upon the personal property of the defendant judgment debtor, and having done so, he had further authority, upon demand of the defendant, to summon appraisers to appraise and lay off to the defendant his personal property exemption from execution. The statute (*The Code*, § 507,) expressly prescribes that "the Sheriff or *other officer making such levy* shall summon three appraisers," &c., for such purpose, and it further prescribes (*The Code*, §508,) that such appraisers "shall take the *same oath* and be entitled to the same fees as the appraisers of the homestead," &c.; and it further prescribes (*The Code*, § 502,) that "the Sheriff *or other officer* charged with such levy (that is, upon the land embracing the homestead), shall summon three discreet persons qualified to act as jurors, to whom he shall administer the following oath," &c. (See *forms* prescribed, *The Code*, §524.) So it appears that the Constable had authority to summon the appraisers and administer to them the proper oath, as it seems he did do.

It was not necessary that the judgment in the Court of the Justice of the Peace should be docketed in the Superior Court, to entitle the judgment creditor to an execution against the *personal property*. The statute (*The Code*, § 841,) expressly provides otherwise.

McAULEY *v.* MORRIS.

*The return* of the appraisers of the personal property exemption in question should regularly have been made by the Constable to the Clerk of the Superior Court of the County in which the appraisal was made, and filed there as directed in the statute, (*The Code*, §§ 507, 504,); but that the return was inadvertently or improperly made to the Court of the Justice of the Peace did not render the appraisal and allotment void. Steps should have been taken in such case to have it placed in the proper office. As there would be no judgment-roll of an undocketed judgment of a Justice of the Peace in the Superior Court, the Clerk should file the return of the appraisers among the judgment-rolls in his office, properly numbered and labeled, and make a "minute of the same, entered on the judgment-docket," and certify a copy of it to the Register of Deeds, as in and for the like purposes as in other cases.

The judgment of the Court seems to have been founded upon the erroneous notion that the Constable could not summon the appraisers, and administer to them the oath prescribed, and that the judgment of the Justice of the Peace must have been docketed in the Superior Court, and that the return to the Clerk of the Superior Court was essential to its validity at all, for any purpose. As we have seen, such interpretation of the several provisions of the statute was erroneous. The Court should not have set aside the appraisal and allotment as irregular, for the causes mentioned, but should have proceeded to dispose of the matter as directed by the statutory provision, cited above, as amended by the statutes. (Acts 1885, ch. 347 ; Acts 1887, ch. 272,).

There is error.