## LEE FORMEYDUVAL V. R. A. ROCKWELL.

*Homestead—Allotment to Widow and Children—Irregularity of Allotment—Collaterel Attack—Statute of Limitations.*

1. The fact that an assignment of a homested was made to "the widow and minor children" of decedent does not make it void, since it will be considered surplusage as to the widow.

2. While the allotment of a homestead to one not entitled to it is void, it cannot be collaterally attacked by the debtor or any one claiming under him, their remedy being under Section 519 of *The Code* providing that objections to the allotment shall be filed with the Clerk and placed on the Civil Docket for trial.

3. The homestead right, being a right vested by the Constitution, cannot be destroyed by any irregularity in the proceedings for its allotment; therefore.

4. Where, in proceedings for the allotment of a homestead to the minor children of a decedent, the main purposes was accomplished under the direction of the Court having jurisdiction of the parties and the subject matter, and neither party excepted to what was done until after the full benefit of the constitutional provision had been enjoyed by those entitled to it, the allotment will not be declared void so as to permit the statute of limitations to run against a judgment the collection of which has been stayed by the existence of such allotment.

5. The statute of limitation does not run against a judgment during the existence of the homestead.

ACTION tried at July Term, 1895, of COLUMBUS Superior Court, before *Robinson, Judge.*

Proceedings to sell land for assets to pay debts of intestate of plaintiff. A jury trial was waived, and, by consent, the Judge found the facts as follows:

"That H. C. Rockwell died intestate, in the year 1874, and that J. W. Ellis qualified as administrator on the estate of the said Rockwell, March 4th, 1874. That said Ellis died on the 10th May, 1883, and the plaintiff qualified as administrator *de bonis non* on the 5th September, 1893. That at Spring Term, 1876, in the Superior Court of Columbus County, the following judgments were rendered and docketed against J. W. Ellis, as the administrator of said H. C. Rockwell, viz.: One in favor of R. G. W. Gressett, for the sum of $500, with interest and cost; one in favor of Warren Baldwin for $253.88, with interest and cost; one in favor of S. J. Formeyduval for $334.79, interest and cost. That on the 31st April, 1878, the said J. W. Ellis, as administrator of Rockwell, filed his petition in the Superior Court of Columbus County, before the Clerk, against Willie Rockwell, Lucy Rockwell, Chester Rockwell and Robert A. Rockwell, and J. C. Powell, general guardian of said defendants, who were at that time infants, to sell land to create assets. The defendants, by their guardian, filed an answer admitting the allegations of the petition, and asking that a homestead be assigned to them. The Clerk on the_____day of_____,1878, made an order granting license to sell the lands, after the laying off and assigning homestead and dower to the widow and heirs-at-law. That on the 25th November, 1878, a homestead was laid off in said proceedings, under said order, to the widow and children, the return was filed in the Clerk's office with the papers in said proceeding. That said original homestead return was registred in office of the Register of Deeds

117—21

on the 7th April, 1892, but no note was ever made on the judgment docket of said return in said cause. That on the 6th January, 1879, the said Ellis, administrator, sold the lands of said estate, outside of said homestead, and reported the same, which was duly confirmed by the Clerk and approved by the Judge of the District.

"The widow, and the heirs-at-law, of said H. C. Rockwell, continued to occupy the house and lot of the said H. C. Rockwell, assigned as a homestead in said proceeding, from the death of said Rockwell up to the present time. That R. A. Rockwell, the youngest child of said H. C. Rockwell, deceased, arrived at the age of 21 years on the _____day of_____1892. This action was begun on the 6th September, 1893. No dower was ever laid off and assigned to said widow; that said widow died, before the commencement of this action. That the judgments above set out have not been paid; that the homestead return, herewith sent, and the order of the Clerk and Judge, herewith sent, are the only papers in the proceeding relating to the homestead, except the petition and answer in said cause."

Upon the finding of the foregoing facts, the defendant asked the Court to hold that the said judgments were barred by the Statute of Limitations.

The Court declined to so hold, and the defendant excepted. The defendant asked the Court to hold that no homestead had ever been laid off and assigned according to law, and that the return made in said proceeding, is void.

The Court declined to so hold, and the defendant excepted. The Court adjudged that the Statutes of Limitation did not bar the claim sued on, and that the homestead relied on to prevent the bar of the statute was valid in this proceeding. That the defendants were estopped by their answer and the judgment in the proceeding of Ellis, administrator, to sell the lands of the said H. C. Rockwell,

and, by their occupancy of said homestead assigned in said proceeding, to deny the validity of said homestead allotment. The Court held that neither the seven years statute, the six years, or the ten years statute, barred said judgment, the said homestead suspending the operation of said Statutes of Limitation.

The Court adjudged that the plaintiff have a license to sell the land described in the complaint, from which Judgment the defendant appealed to the Supreme Court.

*Messrs. Lewis & Burkhead*, for plaintiff.
*Messrs. Shepherd & Busbee*, for defendant (appellant).

FAIRCLOTH, C. J. : H. C. Rockwell died intestate in 1874 and J. W. Ellis qualified as administrator on the estate. In 1893 the plaintiff qualified as his successor d. b. n.   In 1876 judgments were entered against the original administrator, who in 1878 filed a petition before the clerk against the minor heirs of the deceased to sell the lands for assets. The heirs, by their guardian, answered the petition admitting the allegations and asking that a homestead be assigned to them.   The clerk granted a license to sell the lands, after laying off and assigning homestead and dower to the widow and heirs-at-law.   No dower was ever laid off.   The widow died and the youngest child arrived at 21 years of age before this action commenced—they having occupied the homestead premises to the present time.   The excess of the homestead was sold and this action was commenced in 1893 to sell the homestead estate for assets to pay said judgments, &c.

The defendants, said heirs, now answer and allege that said homestead was not legally assigned and rely on the statute of limitations in bar of said judgments.   This defence is at least ungracious after the full enjoyment of

the constitutional homestead provision.    They say the assignment of the homestead was not according to law in that it was assigned to the children and the widow, and that the return in said proceeding is void.

Referring to the record we find that defendants demanded that their homestead be assigned and the clerk ordered that the excess be sold "first assigning to the heirs-at-law of H. C. Rockwell a homestead of the value of $1,000," from which judgment the plaintiff appealed to the Judge of the Superior Court.    The commissioners report that "having been duly summoned and sworn to act as apprai- sers of the homestead" of the widow and the heirs, they proceeded to do so, and describe the lands assigned fully, as exempt from sale by the administrator or under execu- tion according to law, and the sheriff certifies that the return was made and certified in his presence.    The sale was made and confirmed by the Clerk and the report of sale was confirmed by the Judge.    The case sent to this Court states that the homestead return was filed in the Clerk's office with the papers in said proceeding and that said original homestead return was registered in the office of the Register of Deeds.

The contention of the defendants is that it does not appear that said homestead was laid off as prescribed in *The Code*, Sections 502–515 inclusive, and is therefore void, and that said judgments are barred by the statutes of limitations.

The right to a homestead is guaranteed by the Constitu- tion, and the legislature prescribes certain methods of lay- ing it off, in the Sections referred to, as the convenient and practical modes of doing so.    Whilst the record does not set out particularly and in detail the proceedings in the case, still it sufficiently appears that the main purpose was accomplished under the direction of the court having juris-

FORMEYDUVAL *v.* ROCKWELL.

diction of the parties and the subject of the action, and that neither party excepted to what was done until after the full benefit of the constitutional provision had been enjoyed by those entitled to it.   The objection that the assignment was to the *widow* and the children is without force as it was simply surplusage as to her.

The allotment of a homestead to one having no right thereto is void and may be attacked collaterally, as if it be assigned to the widow alone, when minor children are living, and they would not be estopped.   *Williams* v. *Whitaker*, 110 N. C., 393.   A complete answer to the defendant's contention is that an allotment of a homestead cannot be collaterally attacked by the judgment dedtor or any one claiming under him.   If either party is dissatisfied with the assignment, his remedy is found in *The Code,* Sec. 519.

The homestead right is a vested right and cannot be destroyed by any irregularity in the proceeding or want of procedure in the manner prescribed in *The Code* ; therefore, when a failure in those methods occurs, it can, "in order to enforce the right," be accomplished by other methods by the proper tribunal.   This has been done by the Superior Court under the direction of this Court, in a case where the conditions were such that neither the Sheriff nor a justice of the peace could have the allotment made. *Littlejohn* v. *Egerton,* 77 N. C., 379.   The statute of limitations does not run against a judgment during the existence of the homestead.   Act 1885, Ch. 359 ; Act 1887, Ch. 17 ; Act 1895, Ch. 397.   We find no error in the judgment below.

Affirmed.