ITCO CORPORATION v. RONALD WEST AND MARGIE WEST

No. 797SC203

(Filed 4 December 1979)

**Execution § 9; Homestead § 1— exceptions to allotment of homestead—jurisdiction**
    The superior court in Wilson County had no jurisdiction to pass upon exceptions to the allotment of a homestead in Franklin County.

APPEAL by defendants from *Brown, Judge.* Judgment entered 25 October 1978 in Superior Court, WILSON County. Heard in the Court of Appeals 23 October 1979.

Plaintiff obtained a judgment by default against defendant Ronald West on 1 June 1976 in the amount of $4,050.32. This judgment was obtained in Wilson County, docketed there and also docketed in the office of the Clerk of Superior Court for Franklin County.

Thereafter, execution was issued upon the judgment by the Clerk of Superior Court of Wilson County and forwarded to the Sheriff of Franklin County. In compliance with the execution, the Sheriff of Franklin County proceeded to allot defendant Ronald West's homestead from real property in Franklin County and returned the appraisers' report and return of personal property and homestead exemption to the Clerk of Superior Court of Wilson County. On 20 October 1977 Ronald West filed objections and exceptions to the appraisers' allotment and return of home-

stead and personal property exemption with the Clerk of Superior Court of Wilson County and the Clerk of Superior Court of Franklin County.

The case came on for hearing upon defendant's objections and exceptions 23 October 1978 at the regular civil session of superior court for Wilson County. After considering the record and argument of counsel, the trial court entered judgment 25 October 1978 dismissing defendant's objections and exceptions and ordering the Sheriff of Franklin County to proceed with the execution sale of the real property. From this judgment, defendants appeal.

*Moore, Weaver and Beaman, by Stephen L. Beaman, for plaintiff appellee.*

*Thomas F. East and G. Hugh Moore, Jr., by G. Hugh Moore, Jr., for defendant appellants.*

MARTIN (Harry C.), Judge.

From the face of the record on this appeal, we are met with the threshold question of whether the superior court of Wilson County had jurisdiction to hear and determine defendant's objections and exceptions to the homestead allotment.

The homestead allotment was made in Franklin County as defendant Ronald West's property was located in that county. The sheriff's return and the report of the appraisers were filed with the Clerk of Superior Court of Wilson County. Defendant Ronald West filed his objections and exceptions to the return in both Wilson and Franklin counties.

Although the homestead exemption is a constitutional right, Article X, North Carolina Constitution, it is left to the General Assembly to establish the procedures for the allotment of the property to be exempt. *Formeyduval v. Rockwell,* 117 N.C. 320, 23 S.E. 488 (1895).

The controlling portions of the statutes read:

*Duty of appraisers; proceedings on return.* —. . . They must then make and sign . . . a return of their proceedings, . . . which shall be returned by the officer to the clerk of the court for the county in which the homestead is situated . . ..

The officer must likewise make a transcript of the return over his hand and return it without delay to the clerk of the court of the county from whence the execution issued, . . . ..

N.C. Gen. Stat. 1-372.

*Exceptions to valuation and allotment; procedure.* —If the . . . judgment debtor . . . is dissatisfied with the valuation and allotment of the appraisers or assessors, he, within 10 days thereafter, . . . may notify the adverse party and the sheriff having the execution in hand, and file with the clerk of the superior court of the county *where the allotment is made* a transcript of the return of the appraisers . . . .. Thereupon *the said clerk* shall put the same on the civil issue docket of the superior court for trial at the next session thereof as other civil actions, . . . ..

N.C. Gen. Stat. 1-381, 1977 Supp. (emphasis added).

It thus appears that only the superior court of Franklin County had jurisdiction to hear and determine defendant's objections and exceptions to the return on the homestead allotment. Exceptions to the allotment of a homestead must be filed in the office of the clerk of the superior court of the county where the allotment is made (here Franklin County), together with a transcript of the allotment. *McAuley v. Morris*, 101 N.C. 369, 7 S.E. 883 (1888). We hold the superior court of Wilson County was without jurisdiction to pass upon the exceptions to the allotment of homestead upon real property in Franklin County.

Therefore, the judgment of the superior court of Wilson County dated 25 October 1978 is null and void; the same is hereby vacated and the proceedings in Wilson County are dismissed.

We note that although the Sheriff of Franklin County did not file the return of the proceedings of the appraisers in Franklin County, as required by N.C.G.S. 1-372, defendant Ronald West filed his exceptions and objections to the allotment in both Franklin and Wilson counties.

The homestead right is a vested right and cannot be destroyed by any irregularity in the proceedings or want of procedure in the manner prescribed in The Code; therefore, when a failure in those methods occurs, it can, "in order to

enforce the right," be accomplished by other methods by the proper tribunal.

*Formeyduval v. Rockwell, supra* at 325, 23 S.E. at 488-89.

Vacated and dismissed.

Judges HEDRICK and CLARK concur.