During the pendency of the appeal, the defendants, Westbrooks and Albright, were adjudged bankrupts on their own petition in the District Court of the United States for the district of Pamlico.
The account of plaintiff being disputed, the plaintiff, on the 25th February, 1869, filed a petition in said District Court against said bankrupts, alleging that said claim was litigated, and praying that he be permitted to prosecute his said suit to judgment.
The District Court made the following order, upon the hearing of said petition:
"It is determined, and the Court doth now so order and grant, that the plaintiff, Wm. S. Fontaine, have leave to proceed to the trial of his said cause, in the Superior Court of Guilford County, and to judgment in said Court, if the said Court shall determine that the plaintiff is entitled to judgment, for the purpose of ascertaining the amount due, but for no other purpose, and to no other extent is this permission granted."
The defendants, Westbrooks and Albright, filed their plea of discharge in bankruptcy, embracing in said plea a copy of (529) their said discharges as bankrupts.
During the progress of the trial, at the said Special Term of Guilford Superior Court, the defendants, Westbrooks and Albright, proposed to offer evidence of their discharge as bankrupts; this evidence *Page 410 
was excluded by the Court, upon the assurance of the plaintiff, that he did not propose to take a judgment, to be enforced by execution, but merely to ascertain his debt. To which ruling of the Court, the defendants excepted.
There was a verdict for the plaintiff for $95.00, with interest thereon till paid, upon which his Honor rendered up judgment, and ordered that no execution issue against the defendants Westbrooks and Albright, but that execution issue against their sureties on the appeal bond, for the amount of the judgment, interest and costs. From which defendants appealed, and assigned as errors:
1. That the Court refused to allow evidence to be given to sustain the plea of their discharge as bankrupts.
2. That the Court entered up judgment against the defendants, in favor of the plaintiff for the amount of the recovery, with interest thereon till paid.
3. That the Court rendered judgment against the defendants, Westbrooks and Albright, who were admitted to be discharged bankrupts, for the costs of the action to be taxed by the Clerk.
4. That the Court entered up judgment against Wm. A. Donnell and W. M. Albright, sureties on the appeal bond, for the amount of plaintiff's recovery, against the defendants Westbrooks and Albright, and the costs of action, and ordered that execution issue therefor.
There has been no such judgment rendered against the principals, as is contemplated in the appeal bond; (530) consequently there has been no breach of the condition of the bond.
The judgment rendered, was simply to fix the amount for the purpose of proving it, as a debt in bankruptcy, as is provided under the 21st section of the Bankrupt Act.
The discharge of the principals was a bar to any judgment against them, except for the purpose above indicated; and that is not the judgment which the sureties undertook to abide by and perform. In short, the bankruptcy of the principals made it impossible for the plaintiff to obtain judgment against them, within the meaning of the appeal bond; and the sureties have not been fixed with a liability to see the judgment performed, because there is no judgment.
There is Error.
Per curiam. *Page 411 
 Venire de novo.
Cited: Laffoon v. Kerner, 138 N.C. 286; McCormick v. Crotts,198 N.C. 668; Sutton v. Davis, 205 N.C. 468.