WM. KNABE & CO., v. SIMON G. HAYES.

A discharge in bankruptcy after due publication of notice, is a good bar to the claims of all creditors who do not allege and show that the omission to give notice was the result of fraud on the part of the debtor, and not the result of forgetfulness, accident or mistake.

(*Saunders* v. *Smallwood*, 8 Ired, 125, cited and approved.)

CIVIL ACTION commenced in a Justice's Court, and carried by appeal to the Superior Court of WAKE, where it was tried before *Tourgee, J.*, at the January (Special) Term, 1874.

It was agreed on the trial below that the defendant and one Geo. W. Blacknall, the surety on the note sued upon, were both adjudicated bankrupts, upon their own petitions, and received their discharges prior to the commencement of this action.

It was admitted by the defendant that the note sued upon was, by inadvertance, not scheduled among his debts, and that in consequence, no notice was mailed to the plaintiffs, to their address, "New York City." It is further admitted that the general notice to the creditors was published in the North Carolina *Standard*, at Raleigh, N. C.; and that the plaintiff had not actual knowledge of the defendant's bankruptcy, until after his discharge.

Upon this state of facts, the Court being of opinion with the defendant, it was adjudged that the plaintiff's action be dismissed. From which judgment plaintiffs appealed.

*Battle & Son*, for appellant.
*Fowle and Snow*, contra.

SETTLE, J. The counsel for the plaintiff asks the question : Does the discharge of a bankrupt, under the act of Congress, to establish a uniform system of bankruptcy throughout the United States, approved March 2, 1867, bar the claim of a creditor who had no knowledge of the filing of the petition in

bankruptcy, and whose name was not inserted in the schedule of creditors, and to whom no notice was mailed?

Our answer is, notwithstanding the very high authority of Mr. Bump, in his work on bankruptcy, page 27, *et seq*, to the contrary, that a discharge, after due publication of notice, is a good bar to the claims of all creditors, who do not allege and show that the omission to give notice was the result of fraud, on the part of the debtor, and not the result of forgetfulness, accident or mistake. Few discharges in bankruptcy could stand if the omission to schedule some small article of property, or to give the name of some forgotten creditor, would be sufficient to avoid them.

Such a construction, in our opinion, would destroy the beneficial purposes of the act.

The *intent* with which an omission of property or creditors is made, both under the bankrupt act of 1841 and 1867, is the criterion by which the case should be governed. If made with a fraudulent and wilful purpose, the discharge should not protect the debtor, otherwise it should be permitted to stand.

In our case fraud is not alleged; on the contrary the omission to schedule the name of the plaintiff, is stated in the case made for this Court, to be the result of inadvertence.

In *Burnside* v. *Brigham*, 8 Met., 75, it is held: SHAW, C. J., delivering the opinion of the Court, that where a defendant relies on his discharge under the United States bankrupt law of 1841, the plaintiff cannot avoid the discharge by merely showing that the defendant, in his petition in bankruptcy, omitted to insert the plaintiff's name in the sworn list of creditors, and that by reason of such omission the plaintiff had no notice of the proceedings in bankruptcy, and could neither prove his claim against the defendant nor approve the granting of the discharge. But that in order to avoid such discharge by reason of such omission, the plaintiff must show that the omission was wilful and fraudulent. The provisions of the

act of 1867 in regard to notices, &c., are substantially the same as those of the act of 1841.

In *Saunders* v. *Smallwood*, 8 Ire , 125., it is held, that to avoid a plea of a discharge under the bankrupt law, the plaintiff must show, not merely a mistake or omission in making the inventory on the petition of the bankrupt, but a fraudulent and wilful concealment.

This case also arose under the act of 1841, but numerous decisions under the act of 1867 are to the same effect, and to us they appear well supported by reason. *Hudson* v. *Bingham*, 8 B. R., 494 ; *Ryne* v. *Abell*, 4 B. R., 67.

The judgment of the Superior Court is affirmed.

