GOYER COMPANY *v.* MARION B. JONES.

APPEAL BOND. *Code* 1892, § 82. *Bankruptcy.*

> A surety on a bond, given (under code 1892, § 82) on appeal from the judgment of a justice of the peace, ceases to be liable thereon when the principal is discharged in bankruptcy pending the appeal, his liability as surety not being continued by sec. 16, bankrupt act, 1898.

FROM the circuit court of, second district, Bolivar county. HON. FRANK E. LARKIN, Judge.

The Goyer Company, appellant, was plaintiff in the court below; Jones, appellee, was defendant there. The opinion of the court states the facts.

*Sillers & Owen,* for appellant.

The only question presented for the consideration of the court is whether under the bankruptcy act of 1898, the sureties on an appeal bond are relieved from further liability by the discharge in bankruptcy of the principal.

This question does not seem to have been passed upon by any court since the adoption of the bankruptcy act of 1898, and we are forced to look to the decisions of the courts under the former acts for authorities in this case.

The discharge of the bankrupt does not alter the liability of a person who is in any manner surety for him. The court will note by referring to the act of 1867 and the act of 1898, that

the act of 1898 is much broader than that of 1867, under which the decisions that we refer to are based.

Some of the courts under the act of 1867 held that it did relieve the sureties, and we imagine that congress had this conflict of decisions in view when they enlarged and emphasized the act of 1898 so as to leave no doubt on this question. The act of 1867, sec. 5118 reads as follows: "No discharge shall release, discharge or effect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety or otherwise."

The act of 1898, ch. 3, sec. 16 is as follows: "The liability of a person who is a co-debtor with or guarantor in any manner as surety for a bankrupt, shall not be altered by the discharge of such bankrupt."

The court will note that in the act of 1898 the language is much broader than the act of 1867, because it says: A person who is in any manner a surety for another shall not be relieved by the discharge. The courts, however, under the doubtful language of the act of 1867, have held that the surety was not relieved. We refer the court in support of this to the following cases: *Hall* v. *Fowler*, 6 Hill., 630; *Knapp* v. *Annison*, 15 Bankruptcy Rep., 316; *in re Albricht*, 17 Bankruptcy Rep., 287 (cited in Bump. on Bankruptcy, 697); *Flagg* v. *Tyler*, 6 Mass., 3; *Moore* v. *Waller*, 1 A. K. Marsh, 481 (cited in Bump., 699); *Bond* v. *Gardner*, 4 Binn., 269 (cited in Bump., 716); *Hill* v. *Harding*, 130 U. S., 699.

We think it clear from the above that the court below should have proceeded to enter judgment against Jones and his sureties with possibly a stay of execution against Jones.

*P. B. Wollard*, for appellee.

The state law on the subject must govern. "The question whether the state court is powerless to render even a formal judgment against him (the principal) for the single purpose of charging sureties, or, in the phrase of Chief Justice Waite, in

*Wolf* v. *Stix*, 99 U. S., 1–9, whether 'the judgment is defeated by the bankruptcy of the person for whom the obligation is assumed' depends, not upon any provision of the bankruptcy act, but upon the extent of the authority of the state court under the local law." *Hill* v. *Harding*, 130 U. S., 699.

Appellant, in the lower court, laid great stress on ch. 3, sec. 16, bankruptcy act of 1898, which says: "The liability of a person who is a co-debtor with, or guarantor, or in any manner a surety for a bankrupt, shall not be altered by the discharge of such bankrupt." To our mind the meaning is patent that this section has reference only to contracts where the obligation to pay or perform is fixed upon the sole contingency of his principal's failure to pay or perform the subject-matter—as, on official bonds, the surety contracts to pay if his principal makes default; as, in bail bonds, the surety undertakes to pay if his bailee absconds; as, in forthcoming bonds, the sureties are to pay the sum specified if the principal obligor does not pay— while in the case at bar the contract contains no such stipulations; the surety did not contract to pay the appellant if his principal did not—only contracting to pay "such judgment as said circuit court may render against said Jones in the premises and all said costs." No judgment can be rendered against the principal—only one of dismissal. The "appellate court, after a discharge, can render no judgment in a case except that of a dismissal." *Viosca* v. *Weed*, 22 La. An., 218.

TERRAL, J., delivered the opinion of the court.

The Goyer Company, in a justice of the peace court, sued M. B. Jones upon an account rendered for $159.23, and had judgment. Said M. B. Jones appealed this cause to the circuit court, and gave an appeal bond, with R. A. Jones as surety, conditioned "to pay such judgment as said circuit court may render against said M. B. Jones." More than four months after the execution of said appeal bond, an involuntary petition of bankruptcy was filed against said M. B. Jones, upon which he was adjudicated a

bankrupt and received his discharge. Afterwards, when said cause came on to be tried in the circuit court, where the Goyer Company had obtained leave of the bankrupt court to prosecute it to judgment, M. B. Jones pleaded his discharge in bankruptcy, and the cause was submitted to the circuit judge, without jury, and he gave verdict and judgment for defendant. The appellant insists that, as section 16 of the bankrupt law preserves the liability of any person who is in any manner a surety of a bankrupt, he should have been permitted to take a judgment in the circuit court on the appeal bond against both M. B. and R. A. Jones, with a view of having the execution of said judgment stayed perpetually as to M. B. Jones, and for the sole purpose of enforcing the judgment as to R. A. Jones. The bond stipulates only for the payment of such judgment as may be rendered in the circuit court against M. B. Jones. In effect, it stipulates only to pay such valid judgment as the circuit court may render against M. B. Jones, and, as no valid judgment, under his plea of discharge in bankruptcy, could ever be rendered against him, the liability of the surety, R. A. Jones, is also determined, because the contingency upon which his liability depended can never happen. In *Wolf* v. *Stix*, 99 U. S., 1 (25 L. Ed., 309), it is said: "The cases are numerous in which it has been held, and, we believe, correctly, that, if one is bound as surety for another to pay any judgment that may be rendered in a specified action, if the judgment is defeated by the bankruptcy of the person for whom the obligation is assumed, the surety will be released. The obvious reason is that the event has not happened on which the liability of the surety was to depend. Of this class of obligations are the ordinary bonds in attachment suits, to dissolve an attachment, appeal bonds and the like." This view of the law is supported by Collier. Coll. Bankr. (3d ed.), 180–184.

*Affirmed.*