LAFFOON v. KERNER.

(Filed May 2, 1905.)

*Discharge in Bankruptcy—Effect—Burden of Proof—Appeal Bonds—Sureties—Discharge of Principal.*

1.  Where, in an action on contract, the defendant pleaded and exhibited a general discharge in bankruptcy, the burden was upon the plaintiff to show that his debt was not scheduled and that he had no notice of the proceeding in bankruptcy.

2.  A judgment was rendered against the defendant before a justice and he gave an undertaking on appeal with sureties as provided by section 884 of the Code to pay any judgment rendered against him and pending the appeal he obtained a discharge in bankruptcy from all his debts, *held*, that the sureties on the undertaking were not liable.

ACTION by W. J. Laffoon against J. F. Kerner and others, heard by *Judge Chas. M. Cooke* and a jury, at the March Term, 1905, of the Superior Court of FORSYTH County.

Plaintiff obtained judgment against defendant Kerner before a justice of the peace for $200, from which judgment defendant appealed to the Superior Court. The judgment was duly docketed in the Superior Court of Forsyth County and execution issued and returned by the sheriff, "Executed April 4, 1904 as to James F. Kerner, and by levying on the property of the Southern Woolen Mills. I herewith return execution as the defendant has given appeal bond with J. M. Greenfield as surety." Signed by the sheriff.

For the purpose of staying the execution, the defendant executed a bond in the sum of $400, the condition of which is as follows: "That said appellant shall pay all costs and damages that may be awarded against him on such appeal; and do also undertake pursuant to the statute, that, if said judgment or any part thereof, be affirmed, or the appeal be dismissed, the said appellant shall pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, if it be affirmed only in part, and all damages which may be awarded against the appellant on such appeal." When the cause came on for trial in the Superior Court, the defendant J. F. Kerner pleaded his discharge in bankruptcy and introduced a duly certified copy thereof bearing date Nov. 26, 1904, and declaring the said bankrupt discharged "from all debts and claims which are made provable by said acts against his estate and which existed on the 23rd day of April, 1904, on which day the petition for adjudication was filed by him; excepting such debts as are by law excepted from the operation of a discharge in bankruptcy." It appeared from the return of the justice that the plaintiff complained for the non-payment of money due by note for labor done. Upon appropriate issues submitted to the jury, the following facts were found: That defendant J. F. Kerner was indebted to the plaintiff in the sum of $200. That he obtained judgment for said amount on April 2, 1904 before a justice of the peace. That said judgment was docketed in the Superior Court on the same day; that by virtue thereof he obtained a lien on certain real estate belonging to said Kerner. That the defendants E. Kerner and J. M. Greenfield execute on the undertaking on appeal. That the defendant J. F. Kerner filed his petition in bankruptcy on April 23, 1904. That he was not insolvent on the 2nd day of April, 1904. Upon the foregoing verdict judgment was rendered against the defendant J. F. Kerner, which judgment was declared to be a lien upon the

property and real estate owned by him at the date of the docketing of said judgment subject to the homestead rights of J. F. Kerner. It was further adjudged that the plaintiff recover of the defendants, sureties on the bond, the amount of said bond, to be discharged upon the payment of the judgment. From this judgment the defendants appealed.

*Louis M. Swink* and *Sapp & Hasten* for the plaintiff.
*Lindsay Patterson* for the defendants.

CONNOR, J., after stating the facts: No exceptions nor assignments of error appear in the record other than the general exception to the judgment. We are therefore called upon to say whether, upon the facts established by the verdict the judgment rendered is correct. In this court two questions were argued by counsel. First, whether upon pleading and exhibiting his discharge in bankruptcy, the defendant was entitled to have the action dismissed, or whether he was required to go further and show affirmatively that the plaintiff's debt came within the provisions of the discharge as a provable debt on April 23, 1904, and was not within any of the exceptions named in the Bankrupt Law. In regard to the last phase of the question, it is clear from the record that the indebtedness was not within the exception. The return of the justice shows that the demand was for money due by note for labor done. "A debt founded upon a contract, express or implied, may be proved in bankruptcy." 5 Cyc. 325. The plaintiff insists however that a bankrupt is discharged only from such debts as he puts in his schedule, unless the creditor has notice or knowledge of the proceeding in bankruptcy; that the burden is upon the defendant to show that plaintiff's debt was scheduled, or that he had notice of the proceedings and that in the absence of any proof of either fact the court should proceed to try the case and render judgment—disregarding the discharge.

The cases cited by plaintiff's counsel establish his contention that unless the debt is scheduled or the creditor has notice of the proceeding the discharge does not affect it. Collier on Bankruptcy 200. It appeared in all of the cases cited that the debts had not been scheduled—but it does not appear how the fact was brought to the attention of the court. We have, with the aid of the very full briefs, made a diligent search for some direct authority upon the question without success. The nearest approach to it which we have found is the case of *Sherwood v. Mitchell* 4 Denio 435, in which it is stated that on the trial the plaintiff proved his debt and defendant pleaded his discharge in bankruptcy. The plaintiff insisted that defendant was bound to show that the debt did not arise out of a breach of trust. *Jewett, J.* said: "The ground taken by the plaintiff is that as the defendant in his plea had alleged that the plaintiff's debt was provable under the bankrupt act and that it was not created in consequence of any defalcation of the defendant as a public officer, or while he was acting in a fiduciary capacity he was bound to prove the averments etc.   *   *   *   The discharge is presumptive evidence of all the facts asserted in it, and is conclusive until overthrown by evidence of some fraud which by the act avoids it. Debts arising out of a violation of an official or private trust are not affected by it, unless the creditor chooses to prove the demand under the bankruptcy proceedings. The discharge it is true is general in its terms and *prima facie* is a discharge of the bankrupt from all his debts. But the creditor may notwithstanding show that his debt is of the excepted class. The *onus,* however is on him and if he fails to make the proof, the debt will be taken to one of an ordinary character. This court has uniformly held that the burden is on one claiming under an exception, in a grant or deed to show that his claim comes within the exception. *McCormick v. Monroe,* 46 N. C., 13; *Batts v. Batts,* 128 N. C., 21. It seems that a failure on the part of the bankrupt

to schedule a debt does not prevent the creditor from proving it. This is evident from the provision that if he has notice of the proceeding he is bound by the discharge, hence the plaintiff's debt was provable on April 21, 1905. The fact that defendant was litigating its validity did not affect his right to prove it in bankruptcy. The plaintiff calls to our attention what is said in *Balk v. Harris,* 130 N. C., 381. It is true that the *Chief Justice* says that the petition to plead the discharge since the last continuance did not set out facts which made it the duty of the court, as matter of law, to allow it—for that it did not show that the debt was scheduled or that the creditor had notice of the proceedings etc. The decision is based upon the ground that the allowance of the plea was within the discretion of the court etc. The learned judge was not undertaking to decide the question now under discussion, and we cannot give to his words that effect. We are of the opinion that the burden was upon the plaintiff to show that his debt was not scheduled and that he had no notice of the proceeding in bankruptcy. The plaintiff concedes that it is not proposed to enforce any lien upon the property belonging to the estate of the bankrupt. He insists however that it is within the province of the court to declare whether there is a lien etc. We do not deem it proper to discuss or decide this question. If the docketing of the judgment creates a lien upon the property of the principal defendant, which is not affected by the discharge in bankruptcy, no proceedings can be had in the State Court to enforce it—because it is conceded that the land owned by the plaintiff and referred to in the verdict has been allotted as his homestead. We do not perceive how any declaration of this court at this time can affect the rights of the parties in that respect. It may be that other questions and defences may arise before the homestead estate falls in. The only question presented for our decision is whether assuming that the defendant J. F. Kerner is discharged from liability for

plaintiff's debt, the defendants on his undertaking on appeal are bound. The undertaking is drawn in strict accordance with Section 884 of The Code. The plaintiff cites a number of cases decided by other courts in regard to the liabilities of sureties upon appeal bonds, when the defendant appellant has been discharged in bankruptcy pending the appeal. The question is not free from doubt, but we prefer to place our decision upon the construction of our statute. The condition of the bond is to pay such judgment as may be rendered against the appellant. It would seem too clear for discussion that if no judgment can be rendered against the appellant because of a discharge in bankruptcy pending the appeal, the contingency upon which the sureties are liable can never arise. *Fontaine v. Westbrooks,* 65 N. C., 528. It is said by *Waite, C. J.,* in *Wolf v. Stix,* 99 U. S., 7 (8), "The cases are numerous in which it has been held and we think correctly, that if one is bound as surety for another to pay any judgment that may be rendered in a specified action, if the judgment is defeated by bankruptcy of the person for whom the obligation is assumed, the surety will be released. The obvious reason is that the event has not happened on which the liability of the surety was made to depend. Of this class of obligations are the ordinary bonds in attachment suits to dissolve an attachment, appeal bond, and the like." The surety was held liable on the bond in that case because of its peculiar character. In *Goyer Co. v. Jones,* 79 Miss., 253, it was held that the sureties upon an appeal bond were not liable when the principal was discharged in bankruptcy pending the appeal. Collier on Bankruptcy, 187, thus states the law: "If the law of the State does not permit the discharge to be pleaded in the appellate court, the discharge of the principal does not relieve the surety. If it may be pleaded in such court, no final judgment being possible against the principal, the surety is released." In *Knapp v. Anderson,* 71 N. R., 466, it was held that the sureties were

not released by the discharge of the principal debtor pending the appeal. The decision is based upon the ground that notwithstanding the discharge, the court will proceed with the trial for the purpose of ascertaining the liability of the principal; that if the liability is fixed, the bond becomes absolute and the sureties bound. No execution can issue against the bankrupt. This condition of the parties would lead to the very strange result that upon an obligation of suretyship, the condition of which depended upon the liability of the principal—he is discharged and the surety is bound. To meet this difficulty the courts hold that when the sureties pay the judgment their right to sue for exoneration, or for money paid to the use of the principal arises subsequently to the adjudication and is not affected by the discharge. The bankrupt is by this rather circuitous route made to pay a debt from which he is discharged. In this State the practice has been different. In a pending action upon a dischargeable debt, the defendant is permitted to plead his discharge since the last continuance and, unless cause is shown to the contrary, the action is dismissed. *State v. Bethune,* 30 N. C., 139; *Knabe v. Hayes,* 71 N. C., 109; *Blum v. Ellis,* 73 N. C., 293; *Withers v. Stinson,* 79 N. C., 341. We are of the opinion that upon the exhibition of the certificate of discharge, unless the plaintiff had shown that the debt was not scheduled and unless he had no notice of the proceeding in bankruptcy, the court should have dismissed the action. As we have said, we do not undertake to pass upon the effect of the docketed judgment as a lien upon the defendant's reversion in the land allotted as a homestead. The judgment must be

Reversed.