W. H. OLLIS & SON v. M. E. PROFFITT ET ALS.

(Filed 5 December, 1917.)

1. **Attorney and Client — Defense — Bankruptcy—Excusable Neglect—Judgment.**

    A client does not entirely relieve himself of all responsibility in his action by employing an attorney; and when he has sat through the trial consulting with his attorney, introduces no evidence, and judgment is rendered against him, he may not set the judgment aside upon the plea of excusable neglect in failing to plead or show a discharge in bankruptcy as a defense.

2. **Appeal and Error—Abandonment of Appeal—Presumptions—Judgments.**

    Where the defense of a discharge in bankruptcy is relied on as a defense to the action of debt, which the defendant fails to allege, relies upon the plaintiff's evidence, and judgment is rendered against him, from which he appeals without perfecting the appeal, his abandonment of the appeal is regarded as his acquiescence in the judgment.

APPEAL from *Carter, J.,* at August Special Term, 1917, of AVERY.

*No counsel for plaintiffs.*
*Lowe & Love for defendants.*

CLARK, C. J. This is an appeal from the refusal of a motion to set aside the judgment on the ground of excusable neglect.

The judge finds the facts as follows: "The complaint and answer were duly filed, and immediately before the trial term the defendant M. E. Proffitt gave to his attorneys his discharge in bankruptcy and requested them to use it in the trial; and when the case was called for trial and pleadings read, the defendant M. E. Proffitt was not in the

courtroom, but came in immediately after the pleadings were read and remained in the courtroom with his attorneys, consulting and advising with them, until the close of plaintiffs' evidence. At the close of plaintiffs' evidence the defendants moved for a nonsuit, and excepted to its refusal. The defendants then rested their case on the plaintiffs' evidence, the jury answering the issue in favor of the plaintiffs, and the defendants excepted to the judgment and gave notice of appeal in open court, prepared the statement of case on appeal, and served it on plaintiffs, and plaintiffs served counter-case. Nothing further was done with the case on appeal by the defendants. At the April Term, 1917, defendants made their motion to set aside the judgment, and the same not having been disposed of at the said term it was renewed at the July, 1917, Term; thence continued to the present term. Upon these facts the court overrules the motion, and defendant excepts."

This is not a case of excusable neglect, but of inexcusable negligence. The action was on certain notes against the defendant, his wife and another. The defendant was present at the trial, and if he was relying upon his discharge in bankruptcy, it was his duty to plead it and stop the trial as to himself. But he went on with the trial and took exceptions to certain matters in the trial, appealed, and afterwards abandoned the appeal. He well knew that his discharge in bankruptcy was not relied on; and if it was, and he excepted on that ground, he acquiesced by abandoning his appeal.

In *Roberts v. Allman,* 106 N. C., 391, it is held: "It is not enough that parties to a suit should engage counsel and leave it entirely in his charge. They should, in addition to this, give to it that amount of attention which a man of ordinary prudence usually gives to his important business," citing from *Sluder v. Rollins,* 76 N. C., 271, as follows: "The defendant does not abandon all care of his case when he has engaged counsel to look after it." See cases cited in *Roberts v. Allman, supra,* and citations to that case in the Anno. Ed.

Affirmed.