W. H. MURRAY v. JOE B. BASS ET AL.

(Filed 8 November, 1922.)

**1. Appeal and Error — Dismissal — Courts — Jurisdiction—Supersedeas Bond—Principal and Surety—Statutes.**

Where the trial judge, upon sufficient findings, has properly adjudged that the defendant has abandoned his appeal to the Supreme Court, it is not required that the appeal should have been docketed and dismissed in the Supreme Court in order to bind the surety on his bond given to stay execution in accordance with the terms of C. S., 650.

**2. Principal and Surety—Supersedeas Bond—Execution—Bankruptcy— Discharge of Principal—Statutes.**

Where an undertaking to stay execution on appeal to the Supreme Court has been given by the defendant against whom judgment has been rendered, C. S., 650, and pending appeal he has been adjudicated a bankrupt in the Federal Court, an order properly entered dismissing the appeal with judgment against the surety on the undertaking rendered in the State court before the bankrupt's discharge, without suggestion of the pendency of the bankrupt proceedings, the judgment against the surety becomes fixed and absolute, according to the terms of the undertaking, which the bankrupt's subsequent discharge does not affect. *Laffoon v. Kerner,* 138 N. C., 281, cited and distinguished.

**3. Same—Federal Statutes.**

Where defendant's appeal to the State Supreme Court has been properly dismissed with judgment against the surety on defendant's undertaking to stay execution, C. S., 650, before discharge in bankruptcy in proceedings then pending, the defendant and his surety on the undertaking are co-debtors within the meaning of the bankrupt act, and thereunder the surety is not discharged from his obligation on the bond.

**4. Bankruptcy — Principal and Surety — Discharge—Defenses—Pleas— Puis Darreign Continuance.**

In proper instances, the surety on the defendant's undertaking to stay execution on appeal may successfully plead in the State court the defendant's discharge in bankruptcy *puis darreign continuance.*

APPEAL by plaintiff from *Connor, J.,* at April Term, 1922, of ROBESON.

MURRAY *v.* BASS.

Civil action to restrain the collection of a judgment of the Superior Court of Robeson County, rendered in a case wherein Joe B. Bass was plaintiff and R. Pittman Barnes was defendant, and W. H. Murray surety on *supersedeas* bond.

From an order denying the relief sought, the plaintiff appealed.

*Johnson & Johnson for plaintiff.*

*McLean, Varser, McLean & Stacy, S. Brown Shepherd, and Britt & Britt for defendants.*

STACY, J. The essential facts, as found by his Honor and embodied in the judgment of the Superior Court, are as follows:

1. On 17 February, 1921, the present defendant, Joe B. Bass, instituted a civil action in the Superior Court of Robeson County against one R. Pittman Barnes. At the October Term, 1921, of Robeson Superior Court, judgment was rendered in said action in favor of the plaintiff Bass and against the defendant Barnes in the sum of $970, with interest from 14 February, 1921, and for costs. The defendant Barnes gave notice of appeal from said judgment to the Supreme Court of North Carolina, and was required, in order to stay execution on said money judgment, to execute his *supersedeas* bond in the sum of $1,200, which he did in the form prescribed by C. S., 650, with W. H. Murray, the plaintiff in the present action, as surety thereon; and the filing of the same did, pursuant to the statute and the order of the court, operate to stay any execution on the judgment rendered in said action pending the appeal.

2. Thereafter, at the second February civil term of Robeson Superior Court, 1922, in the said action wherein Joe B. Bass was plaintiff and R. Pittman Barnes was defendant, judgment was rendered by Hon. George W. Connor, judge presiding, finding that the appeal of the defendant from the judgment rendered at the October Term, 1921, had been abandoned and the liability of the surety on the *supersedeas* bond was thereupon adjudged to be absolute and subject to execution. There was no appeal from this judgment, and no objection or exception noted at the time of its rendition.

3. At this term of court no suggestion of pending bankruptcy of R. Pittman Barnes was made to the court when motion for judgment was made; but there were several cases on the calendar in which R. Pittman Barnes was being sued, and, during the call of the docket, counsel for Barnes announced that, as a petition in bankruptcy had been filed against the defendant, he would make no further contest in the cases pending against him.

4. It is agreed that the facts, with reference to the bankruptcy proceedings, are as follows: On 19 December, 1921, a petition in bankruptcy was filed against Richard Pittman Barnes in the United States District Court for the Eastern District of North Carolina, and on 7 January, 1922, he was duly adjudged a bankrupt by said Court. That at the time of the institution of the present suit, 1 April, 1922, no application for discharge had been made by the bankrupt, and said proceedings are now regularly pending in the United States District Court for the Eastern District of North Carolina.

5. Joe B. Bass, in his suit against R. Pittman Barnes, has issued execution on the judgment rendered in his favor, and the sheriff of Robeson County was proceeding to enforce same against the property of W. H. Murray when this action was instituted and application made for a restraining order.

6. There was no substitution of any other surety on the *supersedeas* bond, given in the case of *Joe B. Bass v. R. Pittman Barnes,* and the said W. H. Murray remained liable thereon, which said liability became fixed and absolute by the judgment rendered in said action at the second February civil term, 1922.

7. The question having been raised as to whether the plaintiff herein should have proceeded by motion in the original cause or by independent suit, in order that the case might be determined on its merits, it was agreed that this action might be treated as a motion in the original cause between Joe B. Bass and R. Pittman Barnes, and it was so regarded by the court below.

Upon the foregoing facts, his Honor declined to relieve W. H. Murray from his obligation on the *supersedeas* bond, and from the judgment rendered at the second February civil term, 1922; and to this ruling exception was duly noted, and plaintiff appealed.

The *supersedeas* bond is not set out in the record, but it is agreed that it conforms in all respects to the requirements of C. S., 650. This section provides: "If the appeal is from a judgment directing the payment of money, it does not stay the execution of the judgment, unless a written undertaking is executed on the part of the appellant, by one or more sureties, to the effect that if the judgment appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, if affirmed only in part, and all damages which shall be awarded against the appellant upon the appeal." Here, it will be observed, the affirmation of the judgment, or any part thereof, or the dismissal of the appeal, is the condition upon which the surety agrees to become bound, either in whole or in part, as the case may be.

It was suggested, though not urged, that as the appeal was never docketed in this Court, the judgment was not technically "affirmed" or "appeal dismissed," as contemplated by the statute, and, therefore, the event upon which the surety was to become bound has not yet occurred or happened. This position, of course, is untenable. A judgment of the Superior Court, upon proper finding that the appeal had been abandoned, would have the same effect, so far as the liability of the surety on the *supersedeas* bond is concerned, as an order of dismissal or judgment of affirmance here. *Dunn v. Marks,* 141 N. C., 233; *Blair v. Coakley,* 136 N. C., 409; *Causey v. Snow,* 116 N. C., 498; *Avery v. Pritchard,* 93 N. C., 266. Indeed, the statute does not require that such affirmance be made by the appellate court.

But appellant stakes his case upon the ground that the bankruptcy proceedings against the principal, R. Pittman Barnes, relieves him as surety on the *supersedeas* bond. For this position he relies upon the decision in *Laffoon v. Kerner,* 138 N. C., 281, where it was held that the sureties on a stay bond were not liable when, pending the appeal from a justice's judgment and before trial in the Superior Court, the defendant obtained a discharge in bankruptcy from all his debts, including the plaintiff's claim, and interposed same by way of plea in bar of plaintiff's suit. There is this distinction, however, between the facts of that case and the one at bar. In *Laffoon's case, supra,* the liability of the surety on the *supersedeas* bond had not become fixed and absolute when the principal named therein obtained his discharge in bankruptcy, and exhibited same to the court after plea setting up the fact; not so here. This, we apprehend, is a vital and important difference between the two cases. The contingency upon which the sureties in *Laffoon's case, supra,* agreed to pay the judgment never happened—the discharge in bankruptcy of the defendant having destroyed plaintiff's debt before the liability of the sureties thereon became fixed necessarily worked a dismissal of the action and a release of the sureties. *Payne v. Able,* 7 Bush. (Ky.), 344; 3 Am. Rep., 316. But here the contingency, upon which W. H. Murray agreed to pay Bass's judgment, has happened, and his liability therefor has become fixed and absolute; and this before any discharge in bankruptcy relieving R. Pittman Barnes from its payment. W. H. Murray, therefore, at the present time, stands in the position of a codebtor. Section 16 of the Bankrupt Act of 1 July, 1898 (U. S. Comp. St., sec. 9600), which does not seem to have been amended or changed by subsequent legislation, reads as follows: "The liability of a person who is a codebtor with, or guarantor, or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." In order to have prevented this condition of affairs, the pending bankruptcy proceedings should have been called to the judge's

attention by proper plea prior to the rendition of the judgment at the second February civil term, 1922, of Robeson Superior Court. *Gay v. Brookshire,* 82 N. C., 409; *Ollis v. Proffitt,* 174 N. C., 675.

The identical question here presented was before the Court of Appeals of Kentucky, in the case of *Slusher v. Hopkins,* 97 S. W., 1128, where it was held that the sureties in an appeal bond, conditioned on the payment of the judgment appealed from, in the event of its affirmance, were not discharged from liability by appellant, pending the appeal, filing a petition in bankruptcy and obtaining his discharge subsequent to the affirmance of the judgment. To like effect is the decision of the Court of Appeals of New York in the case of *Knapp v. Anderson,* 71 N. Y., 466. And, in fact, as we understand it, *Laffoon v. Kerner, supra,* is in full support of, and in no way militates against, our present position.

It is undoubtedly the practice in this State that a defendant in an action brought to recover on a dischargeable debt may plead in the trial court his discharge in bankruptcy, secured *puis darreign continuance,* and, unless some valid cause is shown to the contrary, the action will be dismissed. *Laffoon v. Kerner, supra.* But where, in a case of this kind, a stay of execution or *supersedeas* bond has been given, pending appeal, and the condition or contingency upon which the liability of the surety was to become operative has happened, and this without any plea setting up the discharge, or even suggesting the bankruptcy proceedings, being interposed prior thereto, the surety will not be relieved of his obligation after judgment has been rendered against him. The bondsman having elected to deprive the judgment debtor of the opportunity of enforcing his claim, by voluntarily executing the *supersedeas* bond, cannot now with propriety complain if he is required to live up to the terms of his undertaking. In the present case he agreed to assume the risk, upon conditions stated, and those conditions have been met. His liability has now become fixed and absolute.

Affirmed.