## GEORGIE NANCE v. GATLIN and CANNON.

Western Section. November 30, 1925.

No petition for Certiorari was filed.

1. **Principal and surety. Sureties on appeal bond are released if judgment is barred against principal because of bankruptcy.**
   The weight of authority is, that where the liability of the surety on an appeal bond is not fixed prior to the discharge in bankruptcy of the principal, and on appeal the claim against the principal is heard de novo, if a discharge in bankruptcy operates as a bar to the rendering of a judgment against him on the appeal, his sureties on his appeal bond are released.

2. **Bankruptcy. Creditor whose debt is provable in bankruptcy, cannot prosecute suit against bankrupt.**
   No creditor whose debt is provable shall be allowed to prosecute to final judgment any suit thereon against the bankrupt, and such suit shall, upon the application of the bankrupt, be stayed.

3. **Principal and surety. Surety on appeal bond is not liable where principal is in bankruptcy and judgment is rendered before the party is discharged or refused a discharge.**

In an action where judgment was rendered against the sureties on the appeal bond when at the time the principal was in bankruptcy and had not been discharged or refused a discharge held that the judgment was improperly entered.

Appeal in Error from Circuit Court, Henry County; Hon. Thos. E. Harwood, Judge.

Reversed and remanded.

R. H. Hudson, of Paris, for plaintiff in error.

Lewis & Rhodes, of Paris, for defendant in error.

OWEN, J.    Gatlin and Cannon, plaintiffs, secured a judgment against Georgie Nance on a note, before a Justice of the Peace, for coming bond for the property attached, or its value, and at res $195.30. There had been an attachment, which had been sustained. The property attached was a horse and buggy. A replevy bond in the form of a check for $400 was executed, the check being payable to J. W. Ligon, Justice of the Peace, and which check was given by T. G. Rogers.

The attachment was sustained and the Justice of the Peace recited in his judgment that Georgie Nance having executed a forthtime one Glen Rogers deposited with the court a check in the sum of $400 in lieu of bond, and the defendant failing and refusing to bring said property into court at the time specified in said bond it was judged that the check be cashed by the Justice of the Peace, a sufficient amount of same to settle said judgment and cost be used, and return the remainder to said Rogers.

This judgment was rendered the 13th day of June, 1925, and from said judgment Georgie Nance prayed and was granted an appeal to the circuit court of Henry county, and perfected the same by giving a proper appeal bond conditioned and required by law, in the sum of $500, with T. G. Rogers and R. H. Hudson as sureties thereon.

On July 22, 1925, the cause came on to be heard before the Hon. T. E. Harwood, Judge of the circuit court for Henry county. When it appeared that Georgie Nance had no defense to the note sued upon further than that defendant Nance had filed a petition in bankruptcy in the U. S. Federal Court, and had been adjudged a bankrupt, that he had filed such petition since the judgment rendered by the Justice of the Peace and prior to July 22, 1925, and that said bankruptcy was still pending. Nance had not been discharged in bankruptcy. Thereupon the court proceeded to render a judgment against T. G. Rogers and R. H. Hudson on the appeal bond for $195.30 and the cost of the cause, but no judgment was rendered against the defendant Georgie Nance owing to pendency of said bankruptcy proceedings.

It was further ordered that a copy of this order be furnished said sureties if desired to be filed by them in said bankruptcy proceedings in their demand upon payment of same. The sureties Hudson and Rogers filed a motion for a new trial. This was overruled and disallowed. They prayed and were granted appeal to this court, perfected the same and have assigned a proper bill of exceptions, and have assigned errors in this court, as follows:

"Error of the court in rendering judgment against said sureties on the appeal bond, and overruling their motion for a new trial, because the defendant had interposed a plea of bankruptcy pending less than four months after the institution of this suit; that the note sued on in this cause is provable in bankruptcy, and the plaintiff admitted in open court defendant's plea of bankruptcy pending, to which action of the court in rendering judgment against defendant's sureties on said appeal bond said sureties excepted at the time."

"Error of the circuit court in rendering judgment against T. G. Rogers and R. H. Hudson, sureties on the appeal bond of defendant, and overruling their motion for a new trial, because the defendant prosecuted his suit successfully on appeal, no judgment could be rendered against him, and none can be rendered against his sureties."

The only question to be solved is whether or not this proceeding in the circuit court should be stayed or continued until the final adjudication of the bankruptcy matter instituted by defendant Georgie Nance.

"It is provided in the Bankrupt Act of 1898, section 67, subsection 'f':

"That all levies, judgments, attachments and other liens obtained through legal proceedings against a person who is insolvent at any time, within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt," etc.

"Said Bankrupt Act, section 11, subsection 'a,' provided:

" 'A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt such action may be further stayed until twelve months after the date of such adjudication, or if within that time such person applies for discharge, then until the question of such discharge is determined.' " Section 11, subsection 'a,' Bankrupt Act, 1898.

"This provision of the Bankrupt Act, section 11, subsection 'a,' seems to be more direct to the protection of the bankrupt, to the end that he may not lose the benefit of his discharge." 2 Rem. Bankruptcy, sec. 2695.

In Wolf v. Stix, 99 U. S., 1, which was a case originating in Memphis, Tennessee, we find the following language announced by the Supreme Court of the United States:

"The cases are numerous in which it has been held, and we believe correctly, that if one is bound as surety for another to pay any judgment that may be rendered in a specific action, if the judgment is defeated by the bankruptcy of the person for whom the obligation is assumed, the surety will be released. The obvious reason is that the event has not happened on which the liability of the surety was made to depend. Of this class of obligations are the ordinary bonds in attachment cases to dissolve an attachment, appeal bonds and the like."

In Stull v. Beddeo, reported in 14 L. R. A. (N. S.), 509, a Massachusetts case, the Supreme Court of that state said:

"In Carpenter v. Turrell, 100 Mass., 450, and Hamilton v. Bryant, 114 Mass., 543 it was held that the discharge in bankruptcy of a principal in a bond given in an attachment case against him, was a bar to the further prosecution of the suit against him, and that therefore the sureties on his bond to secure the release of the property attached were released. After these decisions, by statutory provisions in that state, the court was authorized to render a limited judgment, with perpetual stay of execution against the debtor in an attachment proceeding who had given bond more than four months prior to the commencement of bankruptcy proceedings, so that the sureties on his bond might not be discharged."

"The weight of authority is, that where the liability  of the surety on an appeal bond is not fixed prior to the discharge in bankruptcy of the principal, and on appeal the claim against the principal is heard de novo, if a discharge in bankruptcy operates as a bar to the rendering of a judgment against him on the appeal, his sureties on his appeal bond are released." Martin v. Kilbourn, 12 Heisk., 331; Goyer v. Jones, 79 Miss., 253, 30 S., 651; Young v. Howe, (Ala.), 43 So., 448; Laffoon v. Kerner, 138 N. C., 281, 51 S. E. 654; Sigler v. Shelly, 15 Ohio, 471.

"In the case of Hill v. Harding, 107 U. S., 495, 27 L. Ed., 631, on the question of staying proceedings in both the federal and state courts, pending proceedings in bankruptcy, it is said:

" 'The terms of this enactment are as broad and peremptory as possible. "No creditor whose debt is provable shall be allowed to prosecute to final judgment" any suit thereon against the bankrupt, and such suit shall, upon the application of the bankrupt, be stayed. This provision, like all laws of the United States made in pursuance of the constitution, binds the courts of each state as well as those of the nation. Upon the application of the bankrupt to the court, state or national, in which the suit is pending, it is the duty of that court

to stay the proceedings "to await the determination of the court in bankruptcy on the question of the discharge." . . .

" 'The stay does not operate as a bar to the action, but only as a suspension of the proceedings until the question of the bankrupt's discharge shall have been determined in the United States court sitting in bankruptcy. After the determination of that question in that court, the court in which the suit is pending may proceed to such judgment as the circumstances of the case may require. If the discharge is refused, the plaintiff, upon establishing his claim, may obtain a general judgment. If the discharge is granted, the court in which suit is pending, may then determine whether the plaintiff is entitled to a special judgment for the purpose of enforcing an attachment made more than four months before the commencement of the proceedings in bankruptcy, or for the purpose of charging sureties upon a bond given to dissolve an attachment. But so long as the question of the discharge in bankruptcy is undetermined, the suit cannot, against the objection of the bankrupt or of his assignee in bankruptcy, proceed for any purpose, except in one of two events, an unreasonable delay of the bankrupt in endeavoring to obtain his discharge, or an order of the court in bankruptcy granting leave to proceed for the single purpose of ascertaining the amount due.

" 'The result required by the very words of the statute confirmed by a consideration of the reasons upon which it rests. Its purpose is not merely to protect the bankrupt, in case he obtains a certificate of discharge, from having the original cause of action against him merged in a judgment, the right of action upon which might not be barred by the discharge; but to prevent him, so long as the question of his discharge is undetermined, from being harassed by suit upon a debt provable in bankruptcy, whether it would or would not be barred by a certificate of discharge, and whether the attachment or other security obtained in the suit would or would not be affected by the proceedings in bankruptcy. . . .

" 'This view, which is supported alike by the words and by the reason of the statute, is in accordance with the preponderance of decisions of the highest courts of the several states and in the district courts of the United States, as shown by cases cited in the argument. (Citing cases.)

" 'The plaintiff's debt being provable in bankruptcy, no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge being shown, and the court in bankruptcy having granted no leave to proceed to judgment for the purpose of ascertaining the amount due, the decision of the state court, denying the application made by the bankrupt before judgment, for the stay of proceedings to await the determination of the question of his discharge, and rendering a general judgment against him, was erroneous, and he had a right to sue out and prosecute a writ of error to reverse it. . . .

" 'The result is that the Supreme Court of Illinois is in error and must be reversed, and the case remanded to that court for further proceedings in conformity with this opinion.' '' Hill v. Harding, 107 U. S., 495, 27 L. Ed., 661.

In Martin v. Kilbourn, 12 Heiskell, 331, we are of the opinion that the question of rendering judgment against the sureties on ap-·peal bond was settled where the principal had been discharged in bankruptcy. There the court said:

"The contract of Martin was, that Allen should prosecute his appeal with effect, or if not, that he should perform the judgment of the circuit court. Allen did prosecute his appeal with effect and obtained a judgment of discharge from the court. We know of no principle on which judgment could be rendered against the surety, unless there is something in the bankruptcy law which controls the case. It is there provided that no discharge of the bankrupt shall release, discharge or effect any person liable for the same debt, either as partner, joint contractor, endorser, surety or otherwise.

"Martin was never liable on the debt with Allen, in any character. The appeal vacated the judgment, and Martin was only liable in the event that judgment should be rendered against Allen in the circuit court. This was not done. On the contrary, Allen prosecuted his appeal with effect. Martin was no longer liable on the bond. Able v. Payne, 7 Bush. (Ky.), 344. The judgment is reversed.''

"In determining whether a surety on a bond given in a proceeding at law is released by the discharge in bankruptcy of his principal, it is necessary to consider the nature of the liability assumed by the surety. If this liability is not contingent upon a judgment in the first instance against the principal, it is not affected by the discharge of the latter; but where a judgment against a principal is necessary in order to fix the liability of the surety, if the discharge in bankruptcy is a bar to the rendering of a judgment against him in the proceedings in which the bond is given, generally no judgment can be rendered against the sureties. This doctrine has been applied to liability on attachment bonds, garnishment bonds, replevin bonds, appeal bonds in attachment suits and other appeal bonds.'' 3 R. C. L., 157.

"It is also quite certain, under both the decisions and the terms of the Bankrupt Act itself, that if the property had been attached within four months prior to the filing of the petition, and the defendant had been adjudged a bankrupt, it would have been released and discharged, and if this be so, there can be no reason why the bond which stands in the place of the attachment and the property should not be relieved and released.'' Crook-Horner v. Gilpin, 28 L. R. A. (N. S.), 233, and note, 75 Atl. 1049, 112 Md. 1; Rem.

Bankruptcy, p. 902; Collier on Bankruptcy, 306; Bradenburg on Bankruptcy, 415; Loveland on Bankruptcy, 145.

"Where on appeal from a justice, defendant executed a bond for costs, and if the judgment was affirmed or the appeal dismissed, to pay the amount directed to be paid by the judgment, or the part thereof affirmed, and all damages against the appellant awarded on such appeal, and on appeal he pleaded a discharge in bankruptcy obtained pendente lite, whereupon no judgment was rendered against him, judgment could not be rendered against his sureties. Laffoon v. Kerner, S. P. North Carolina, 1905, 50 S. E., 654.

"The condition of the bond is to pay such judgment as may be rendered against the appellant. It would seem too clear for discussion that, if no judgment could be rendered against the appellant because of a discharge in bankruptcy pending the appeal, the condition upon which the sureties are liable can never arise." Laffoon v. Kerner, supra.

"In all cases —— the surety shall undertake to pay all costs that may be at any time adjudged against his principal, in event it is not paid by said principal." Shannon's Code, sec. 4935; Hite v. Rayburn, 6 Cates, 463.

"Where the cost in any case in a court of record or before a Justice of the Peace, is adjudged against a party, judgment shall be rendered jointly against him and his sureties, but the execution issued thereon shall be collected from the party, if it can be. If not then from the sureties." Shannon's Code, sec. 4936.

"Upon no condition can the obligors of a bond be held beyond its terms, unless indeed, the law positively fixes the liability, without reference to the language used." Fergerson v. Nance, 3 Lea, 95; Nichol v. McCombs, 2 Yerg., 83; Triplet v. Gray, 7 Yerg., 17; Matlock v. Bank, 7 Yerg., 95, 6; Maxwell v. Salts, 4 Cold., 235; Deaton v. Mulvaney, 1 Lea, 73; Mason v. Smith, 11 Lea, 69; Deaton v. Woods, 11 Lea, 506, 7-8; State v. Polk, 14 Lea, 5.

"Sureties are not bound beyond the limits of their engagements. It is axiomatic and fundamental that the obligation of a surety is strictissimi juris and cannot be extended beyond the limits of his engagement." Hardison v. Yeaman, 7 Cates, 643.

It is well settled that everything which operates as a partial or total exoneration of the principal will necessarily have the same effect as to the surety. Gill v. Morris, 11 Heisk., 614; Renkert v. Elliott, 11 Lea, 249.

Learned counsel for the plaintiffs below insisted that as the defendant Georgie Nance had not received a discharge in bankruptcy, the sureties could not successfully restrain the court from rendering a judgment against them on the appeal bond.

We are of the opinion that it was error in rendering a judgment against the sureties. This cause should have been continued or stayed until the bankruptcy matter could have been properly adjudged. This judgment was rendered against these sureties on appeal bond within less than two months from the time they executed the same. During this intermission between the appeal from the Justice of the Peace and the judgment rendered against the sureties in the circuit court, Nance, the principal defendant, had become a bankrupt.

Whether he will be entitled to a discharge or not is a matter that will have to be determined. He had not had time to procure a discharge during the short period between the execution of the appeal bond before the Justice of the Peace and the judgment rendered in the circuit court against the sureties.

The judgment of the lower court is reversed and for nothing held, and the cause will be remanded to the circuit court of Henry county, and if the defendant Nance is discharged in bankruptcy within a reasonable time, or the time fixed by law, then the sureties will be released from any liability; but if Nance is unable to get a discharge in bankruptcy, the sureties will not be relieved of their liability. Neither will Nance be relieved from a judgment being rendered against him. In other words, if the plaintiff can procure a judgment against Nance, he will be entitled to a judgment against the sureties, but the sureties will not be liable under the bond executed by them unless the judgment is also rendered against their principal, Georgie Nance.

The plaintiffs below will pay the cost of appeal, for which execution will issue. The cost of the lower court will abide the judgment of the circuit court.

Heiskell and Senter, JJ., concur.