R. A. HAMILTON v. SOUTHERN RAILWAY COMPANY and SEABOARD
AIR LINE RAILWAY COMPANY.

(Filed 29 June, 1932.)

1. **Torts B b — Solvent tort-feasor and sureties on supersedeas bonds
held not entitled to stay of execution upon insolvency of one tort-
feasor.**

Where two joint *tort-feasors* appeal from judgment rendered against
them in the Superior Court and give supersedeas bonds executed by two
surety companies respectively, and pending the appeal one of the defend-
ants becomes insolvent, and the judgment appealed from is affirmed by
the Supreme Court and writ of *certiorari* to the Supreme Court of the
United States is denied, and the judge of the Superior Court, upon re-
ceipt of the certificate of the opinion of the Supreme Court, renders
judgment against the sureties on the bonds and orders execution to issue
against the defendants and their sureties in accordance with C. S., 659:
*Held*, neither the solvent defendant nor either of the sureties is entitled
to a stay of execution upon payment of one-half of the judgment into
court by the solvent defendant, the solvent defendant being entitled to a
transfer of the judgment to a trustee for its benefit upon the payment of
the full amount thereof, C. S., 618, and the sureties being bound by the
judgment on their bonds.

2. **Supersedeas B a—Sureties on supersedeas bonds of joint tort-feasors
held not entitled to stay of execution as against judgment creditor.**

Where judgment against two joint *tort-feasors* is affirmed by the Su-
preme Court and judgment against the sureties on their respective super-
sedeas bonds is rendered in the Superior Court upon certification of the
opinion of the Supreme Court, and execution against the defendants and
their sureties is ordered: *Held*, neither of the sureties is entitled to a
stay of execution on the ground that one of the defendants had become
insolvent and placed in receivership pending the appeal, the sureties
being bound by the judgment and liable to the amount of their respective
bonds, C. S., 650, and the surety on the insolvent defendant's bond cannot
raise the question as against the judgment creditor of its liability to the
solvent defendant upon payment of the full amount of the judgment by the
solvent defendant and the transfer of the judgment to a trustee for its
benefit.

STACY, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Small, J.,* at December Term, 1931, of
WAKE. Reversed.

This was an action for actionable negligence, tried at Second No-
vember Term, 1929, Wake County Superior Court. All the issues sub-
mitted to the jury were answered in favor of plaintiff, and judgment
rendered as follows: "Ordered, adjudged and decreed, that the plaintiff,
R. A. Hamilton, recover of the defendants, Southern Railway Company
and Seaboard Air Line Railway Company the sum of thirty-three thou-
sand eight hundred and seventy-five dollars ($33,875), with interest

from 25 November, 1929, until paid, and the cost of this action to be taxed by the clerk."

The defendants appealed to the Supreme Court and this Court found no error in the judgment of the court below. *Hamilton v. R. R.,* 200 N. C., 543 (filed 1 April, 1931).

(1) The Seaboard Air Line Railway Company on appeal from the Superior Court to the Supreme Court of North Carolina, gave super-sedeas bond with the National Surety Company, as surety in the sum of $36,000. The provision is as follows: "Now, if the said defendants, or either of them, shall pay to the said plaintiff the amount directed to be paid by said judgment, or the part of such amount as to which the judgment shall be affirmed, if it be affirmed only in part, and all damages and costs which shall be awarded against the said appellants upon said appeal, this obligation to be null and void; otherwise to be and remain in full force and effect."

(2) The Southern Railway Company, on appeal to the Supreme Court of North Carolina, gave supersedeas bond with the United States Fidelity and Guaranty Company, as surety in the sum of $36,000. The provision is as follows: "Now if the said Southern Railway Company shall pay the amount it is directed to pay by the said judgment, if-affirmed or appeal dismissed, or that part of the said judgment that may be affirmed, and all damages, which may be awarded against the appellant upon said appeal, then this obligation to be void; otherwise to remain and be in full force and virtue in law." A petition for writ of *certiorari* to the Supreme Court of the United States was denied on 19 October, 1931.

After judgment was rendered against the Seaboard Air Line Railway Company, on appeal by it to the Supreme Court of North Carolina, and before decision was rendered, it became insolvent and receivers were appointed for it on 23 December, 1930, in the United States District Court for the Eastern District of Virginia.

The Southern Railway Company paid into court one-half of the amount of the judgment rendered. The Southern Railway, after setting forth certain alleged equitable rights in reference to (1) contribution between joint *tort-feasors* (2) because appointment of receiver for Sea-board Air Line Railway Company, plaintiff, may not now issue execution and levy upon the property of Seaboard Air Line Railway Company, etc.

The petitioner, Southern Railway Company, prays that this Court direct that the one-half of said judgment tendered by this petitioner be received, that parties to this action and clerk of Superior Court of Wake County and the sheriff of Wake County be directed and ordered

to refrain and desist from causing to issue any execution or from issuing any execution against the Southern Railway Company or against the sureties on either of the supersedeas bonds given by the Southern Railway Company and to refrain and desist from levying upon any of the property of the Southern Railway Company or any of the property of the sureties on either of the supersedeas bonds given by the Southern for a period of ninety days and thereafter unless and until the plaintiff shall show to this Court that execution against the National Surety Company, surety on the Seaboard's supersedeas bond, has been returned unsatisfied and that the plaintiff has made reasonable effort to locate property of said National Surety Company to satisfy said judgment and that plaintiff has made reasonable effort to collect from the receivers of the Seaboard Air Line Railway Company the balance of said judgment.

The judgment of the court below, in part, is as follows:

"That a stay of execution against Southern Railway Company and United States Fidelity and Guaranty Company for a reasonable period of time will not prejudice plaintiff or endanger his rights under the judgment heretofore signed against Southern Railway Company, Seaboard Air Line Railway Company, National Surety Company, and United States Fidelity and Guaranty Company and that the ultimate collection of the judgment in full with interest and costs, is adequately secured.

Now therefore, the court, in its discretion, in order to prevent gross inequity and inequality, here and now, orders:

1. That each and every party to this action, the clerk of the Superior Court of Wake County, the sheriff of Wake County, and all other persons, firms and corporations, be and they are hereby ordered and directed to refrain and desist from causing to issue or from issuing any execution under this judgment against the Southern Railway Company or against the United States Fidelity and Guaranty Company until 20 May, 1932. The said persons aforementioned are further ordered and directed to refrain and desist from levying, pursuant to judgment heretofore signed in this cause, upon any of the property of the Southern Railway Company or any of the property of the United States Fidelity and Guaranty Company until 20 May, 1932.

2. The right of the plaintiff to cause to be issued execution or executions against the defendant, Seaboard Air Line Railway Company, and/or the defendant National Surety Company, and to have same levied upon the property and assets of said defendants, Seaboard Air Line Railway Company and National Surety Company, or either of them, shall be in nowise prejudiced by this order." Plaintiff excepted to the judgment as signed and appealed to the Supreme Court.

*Clyde A. Douglass and Robt. N. Simms for plaintiff.*
*S. Brown Shepherd for National Surety Company.*
*Murray Allen for Seaboard Air Line Railway Company.*
*Smith & Joyner for Southern Railway Company.*
*P. H. Busbee for Fidelity and Guaranty Company.*

CLARKSON, J. The questions involved on this appeal are: (1) As to whether or not the Southern Railway Company was entitled to an order staying execution against it. (2) As to whether or not the United States Fidelity and Guaranty Co., surety upon the supersedeas bond of said Southern Railway Company, was entitled to an order staying issuance of execution against it. (3) As to whether or not the National Surety Company, surety upon the supersedeas bond of Seaboard Air Line Railway Company, was entitled to a stay of execution against it. All the questions must be answered in the negative.

C. S., 659, is as follows: "In civil cases, at the first term of the Superior Court after a certificate of the determination of an appeal is received, if the judgment is affirmed the court below shall direct the execution thereof to proceed, and if the judgment is modified, shall direct its modification and performance. If a new trial is ordered the cause stands in its regular order on the docket for trial at such first term after the receipt of the certificate from the Supreme Court."

In the judgment entered by Judge Small on 18 December, 1931, in conformity with the opinion and judgment of the Supreme Court, the Court declared: "Now, therefore, in conformity with the opinion and judgment of the Supreme Court of North Carolina, it is ordered and adjudged that the judgment heretofore entered herein at the Second November Term, 1929, of this court is affirmed, and that execution issue thereon." And then, after entering judgment against the sureties in accordance with law, the court concludes the judgment, just before its date, with the language "let execution proceed hereon."

In view of the statute, under the facts and circumstances of this case, this was the only judgment the court below could have entered, and having entered it on 18 December, 1931, the court below, in accordance with the statute, was without power or authority to enter the order which it undertook to enter on 19 December, 1931, staying execution against the Southern Railway Company and its surety, the United States Fidelity and Guaranty Company.

It goes without saying that the National Surety Company is bound by the judgment against it and should pay its proportionate part of the judgment and fulfil the obligation of its bond. C. S., 650, *Murray v. Bass,* 184 N. C., 318. The judgment signed by Small, J., in conformity with the opinion of the Supreme Court was against the Southern and

Seaboard Air Line Railway Companies, and their sureties. All are bound to plaintiff and the joint defendants, *tort-feasors,* must contribute.

C. S., 618 provides that when payment is made by one of several joint *tort-feasors,* then transfer is to be made to a trustee for payor, etc.

We can see no reason for holding up the collection of plaintiff's judgment while the defendants, joint *tort-feasors,* litigate between themselves. By paying the whole judgment, the Southern Railway Company, under C. S., 618, can lose no right it has against the Seaboard Air Line Railway Company, or its surety, the National Surety Company. The surety, the National Surety Company, is a party to the judgment and bound thereby and cannot now raise the question of its liability to the defendant Southern Railway Company, when it pays said judgment in full and requires the transfer of said judgment of plaintiff to a trustee by virtue of the provision of C. S., 618. The judgment below is

Reversed.

STACY, C. J., took no part in the consideration or decision of this case.